**Bonnie Gay TURNER,
Petitioner/Appellant,**

v.

**Roger Lee TURNER,
Respondent/Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

Dec. 20, 1988.

Certiorari Denied by Supreme Court
May 8, 1989.

John Alley, Hixson, for petitioner/appellant.

O. Michael Carter, Lusk & Carter, Chattanooga, for respondent/appellee.

OPINION

ANDERSON, Judge.

Petitioner appeals Chancellor's dismissal of petition to increase child support.

## FACTS

Bonnie Gay Turner's petition to modify her divorce decree requested child support payments "commensurate with the respondent, Roger Lee Turner's current income and economic situation." She alleged his income was a relatively small amount at the time of the divorce, and that "[s]ince that time he has had large increases in income while at the same time discharging his other debts and obligations." The petition was heard on December 7, 1987. The only witness called by the petitioner was the respondent, Roger Lee Turner, who was asked to identify his current pay stub from his employer, Andy Trotter Pontiac. The pay stub reflected respondent's net income for a portion of the year 1987, or approximately $17,000 per year. Petitioner rested and respondent moved to dismiss, contending the evidence failed to establish an increase in respondent's ability to pay because of increased earnings or reduced obligations since the entry of the final decree, or the petitioner's need for additional child support. When the Chancellor asked petitioner's counsel for a response, he said he thought the burden of proof to increase the existing child support had been carried. The Chancellor then sustained the motion to dismiss on the grounds that the "court may decree an increase or decrease of such allowance only upon a showing of a substantial and material change in circumstances."

On December 7, 1987, and on December 29, 1987, petitioner's counsel filed motions to reconsider, citing Rules 59 and 60.02 of the Tennessee Rules of Civil Procedure. The Chancellor overruled the motions.

Thereafter, the petitioner filed another petition to modify, requesting an increase in child support on the grounds of a change of circumstances, alleging an increase in income on the part of respondent. The respondent filed a motion to dismiss alleging that the petition to modify failed to allege facts upon which the court could rule that any change in circumstances occurred since the last hearing of December 7, 1987. The Chancellor sustained the motion to dismiss on March 28, 1988, and petitioner appealed.

## CHANGE OF CIRCUMSTANCES

Bonnie Gay Turner argues that the Chancellor erred in sustaining the motion to dismiss the petition to modify on the grounds of her failure to prove a substantial and material change in circumstances. She asserts that her income and the needs of the children were proven in a sworn affidavit filed September 29, 1987, in accordance with the Chancery Court's local rule 17.05. She contends that the evidence was sufficient to carry the burden of proof showing a material change of circumstances.

As pertinent here, Tenn.Code Ann. § 36–5–101(a)(1)(Supp.1988) provides:

**Decree for support of spouse and children—Modification—Delinquencies.** (a) (1) ... the court may make an order and decree for the suitable support and maintenance ... of the children ... by either spouse ..., the order or decree to remain in the court's control; and, on application of either party, *the court may decree an increase or decrease of such allowance only upon a showing of a substantial and material change of circumstances.*

(emphasis added).

The "substantial and material change of circumstances" formula now set forth in the Code was developed by judicial construction of the word "cause" in the former Code section (Tenn.Code Ann. § 36–820(a)(1) (1955)), which provided that "on application of either party, the court may decree an increase or decrease of such allowance [of support] on cause being shown." This Court held in *Osborne v. Osborne*, 29 Tenn.App. 463, 469, 197 S.W.2d 234, 237 (1946), that in determining whether to modify a divorce decree, the court could properly consider the parties' situations, stations in life, wife's dependency, and husband's capacity to pay. More recently, in *Jones v. Jones*, we have commented that "[b]asically, the rule adopted by the courts is that such change in circumstances must be shown to have occurred

since the original award as would justify a decrease or increase in the amount of award." 659 S.W.2d 23, 24 (Tenn.Ct.App. 1983) (citing *Osborne v. Osborne,* 29 Tenn. App. 463, 197 S.W.2d 234 (1946)).

■ Accordingly, a substantial and material change in circumstances must be shown to have occurred since the original divorce decree. A review of the record reveals no proof of any of the relevant factors considered by the court in the original support decree as required by Tenn. Code Ann. § 36–5–101(e)(1–5)[1], which include the earning capacity and income of the parties, their obligations and resources, and the needs of the children, nor proof of any material change in these factors, substantial or insubstantial. As noted, unless the affidavits cited by the petitioner are considered, the only proof in the record is the respondent's present net income. Even with the affidavits, no proof of a change in the respondent's income from the time of the original divorce decree exists, nor is there any offer of proof of the terms of the divorce decree, with the single exception of this sparse sentence in the Statement of Evidence:

> ... Petitioner seeking an increase in child support for the two minor children of the parties *from the $60/week sum previously established.*

(emphasis added).

Counsel asserts that local rule 17.05 of the Hamilton Chancery court requires (in cases where support is an issue) that the parties file sworn affidavits prior to trial. However, the record contains no proof of the rule, its purpose, provisions, or how the affidavits aid the court. Additionally, the record does not show the affidavits were filed with the court or indeed that they rose to the level of affidavits. Nor were the affidavits ever offered into evidence by any authenticating witness. As Professor Paine in his treatise, *Tennessee Law of Evidence,* states in Chapter 8, *Writings,* Part A, Section 223:

> If a document is offered into evidence, some guarantee of its authenticity should accompany it; otherwise the document is irrelevant. Except in cases where the writing is self-authenticating, the document will gain admittance only if vouched for by some witness—an authenticating witness.

■ Even if the local court rule had been proven and the affidavits introduced, the Tennessee Rules of Civil Procedure do not provide for the use of an affidavit as evidence at trial. Rule 43 of the Tennessee Rules of Civil Procedure provides:

> **43.01 Evidence on Trials.**—In all actions at law or in equity, the testimony of witnesses shall be taken under oath and orally in open court, except as otherwise provided by these rules, and by T.C.A., Title 24, chapter 9.

We observe that both the petitioner and the respondent were present in court, available to testify to the issues in dispute. The trial court's memorandum opinion notes that:

> When respondent's counsel moved to dismiss at the close of petitioner's proof, the Court specifically asked counsel for petitioner if he wished to respond, and when he did not request to re-open the proof and affirmatively elected to rest on the proof offered, the Court had no choice under the law but to dismiss the case.

We review this portion of the case under the requirements of Rule 13(d), Tenn.R.

---

1. (e) In making its determination concerning the amount of support of any minor child or children of the parties, the court shall consider all relevant factors, including:

   (1) The age, physical, mental and emotional condition of each child;

   (2) The educational needs of each child and the educational advantages each child had available at the time the circumstances requiring a court order for his or her support arose;

   (3) The earning capacity, obligations and needs, and financial resources of each parent;

   (4) The contributions, monetary and non-monetary, of each party to the well-being of the children;

   (5) The financial resources of each child;

   (6) The standard of living each child has enjoyed during the marriage; and

   (7) Such other factors as are necessary to consider the equities for the parents and children.

   Tenn.Code Ann. § 36–5–101(e)(1–5) (1984 & Supp.1988).

App.P., requiring that our "review of findings of fact by the trial court in civil actions shall be *de novo* upon the record of the trial, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." We have reviewed the evidence and the evidence does not preponderate against the Chancellor's finding that there was no showing of a substantial and material change of circumstances.

## POST TRIAL MOTIONS

■ Petitioner argues that the trial court erred in failing to grant her motions for new trial or to reconsider pursuant to Rules 59 and 60.02 of the Tennessee Rules of Civil Procedure. The first motion to reconsider, filed on December 8, 1987, attached an affidavit of counsel setting forth as grounds under Tenn.R.Civ.P. 60.02 mistake, surprise, and excusable neglect of counsel. The substance of the affidavit was that the petitioner's attorney was mistaken in his belief that the introduction of the respondent's income would set forth a *prima facie* case for modification of the child support order. That belief was prompted, according to petitioner's attorney, by reliance on the filing of petitioner's income and expense statement with the court, showing petitioner's income and monthly expenses for herself and the minor children of the parties, which left a monthly deficit of $468.73. The affidavits also stated that counsel was mistaken and surprised that the court did not suggest to counsel that additional proof was needed prior to dismissing the case.

A second motion to reconsider was filed on December 29, 1987, on the grounds that the petition should not have been dismissed because evidence of the petitioner's income and the needs of the children was before the court by sworn statement under local rules of court. According to the record, no proof other than the affidavit was offered at the hearing on either motion.

On March 16, 1988, the Chancellor overruled the motions, filing a memorandum opinion which said:

Counsel for petitioner asserts that a new trial should be granted because (1) counsel was "mistaken and/or surprised that the Court did not suggest to counsel that additional proof was needed prior to dismissing same," (2) that counsel was "attempting to be solicitous of the Court's time and burden," and (3) that counsel's clients are minors.

... The Court is unaware of any authority (1) for the Court to direct counsel as to how to present his case, or (2) excusing counsel from proving the essential elements of a case, and (3) the petition was filed by the mother, not by the minor children.

The Motions to Reconsider must also fail because the facts necessary to make out the petitioner's case that were not adduced at the trial have not been shown, by affidavit or otherwise, on the hearing of the motions. See *Krause v. Taylor*, 583 S.W.2d 603 (Tenn.1979).

Counsel for petitioner has cited the cases of *Bryant v. Edwards*, 707 S.W.2d 869 [868] (Tenn.1986) and *McCormic v. Smith*, 659 S.W.2d 804 (Tenn.1983), neither of which are applicable to the present case. The reasons advanced in support of petitioner's "excusable neglect" fail to justify a new trial. See *Food Lion v. Washington County Beer Bd.*, 700 S.W.2d 893 (Tenn.1985).

Petitioner contended that her counsel was mistaken or surprised that the court did not suggest that additional proof was needed before the court's dismissal order, and that his neglect was excusable. The court in *Food Lion* cited 46 Am.Jur.2d *Judgments*, § 718 (1969), with approval for the rule that "the mere negligence or inattention of a party is no ground for vacating a judgment against him. Carelessness is not synonymous with excusable neglect." *Food Lion*, 700 S.W.2d at 896.

■ When Tenn.R.Civ.P. 60.02 relief was requested, based on counsel being "uncertain as to how to proceed," the *Food Lion* court ruled that excuse failed to satisfy the requirements of Rule 60.02 for abrogating a final judgment, saying "[i]f this Court were to hold that ignorance of the

law is a proper ground for relief under Rule 60.02, Tennessee Rules of Civil Procedure, it is hard to conceive how any judgment could be safe from assault on that ground." *Food Lion,* 700 S.W.2d at 896. We find the rule of *Food Lion* applicable to this case.

As a prerequisite to the extraordinary relief available under Rule 60.02(1), the movant is required to set forth in a motion or petition, or in affidavits in support thereof, facts explaining why the movant was justified in failing to avoid mistake, inadvertence, surprise or neglect. *Hopkins v. Hopkins,* 572 S.W.2d 639, 640 (Tenn.1978).

*Travis v. City of Murfreesboro,* 686 S.W.2d 68, 69 (Tenn.1985). In neither the motion for relief from the judgment, nor in the supporting affidavit, was an offer of proof made to show facts that would justify the invocation of the extraordinary relief afforded by Rule 60.02(1).

A motion for relief from a judgment pursuant to T.R.C.P. 60.02 is addressed to the sound discretion of the trial judge, *Hopkins v. Hopkins, supra,* and in reviewing a trial judge's decision that such extraordinary relief was inappropriate, the scope of review is limited to whether the trial judge abused his discretion. *John Barb, Inc. v. Underwriters at Lloyd's of London,* 653 S.W.2d 422, 424 (Tenn.App.1983).

*Travis v. City of Murfreesboro,* 686 S.W.2d at 70.

Because no abuse of the Chancellor's discretion has been demonstrated, we affirm the judgment. Costs of this appeal are taxed to the Appellant.

SANDERS, P.J. (E.S.), and FRANKS, J., concur.