IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 2000 Session

## ALVIN O. HERRING, JR. v. INTERSTATE HOTELS, INC.
## d/b/a MEMPHIS MARRIOTT

**Appeal from the Circuit Court for Shelby County**
**No. 70025 T.D.    John R. McCarroll, Jr., Judge[1]**

---

**No. W1999-01055-COA-R3-CV  - Decided August 14, 2000**

---

This is a dispute between Plaintiff Alvin O. Herring, Jr. and Defendant Interstate Hotels, Inc. d/b/a Memphis Marriott ("Memphis Marriott") regarding the theft of Mr. Herring's property from the Memphis Marriott's premises.  The Memphis Marriott argues on appeal that the trial court erred in denying its motion for an extension of time to file an answer to Mr. Herring's complaint, in granting Mr. Herring's motion for a default judgment, and in denying its motion to set aside the default judgment.  For the reasons set forth below, we affirm the ruling of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed; and Remanded.**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and HOLLY K. LILLARD, J., joined.

E. Patrick Lancaster and Raymond J. Lepone, Memphis, Tennessee, for the appellant, Interstate Hotels, Inc. d/b/a Memphis Marriott.

James T. Allison, Memphis, Tennessee, for the appellee, Alvin O. Herring, Jr.

**OPINION**

---

[1]This case was originally assigned to Judge Robert A. Lanier who recused himself *sua sponte*.  Special Judge James F. Arthur, III entered the order granting default judgment.  Judge D'Army Bailey entered the order denying defendant's motion to set aside default judgment and consent order dismissing third-party complaint.  Judge John R. McCarroll, Jr. entered the order of judgment on writ of inquiry.

On May 23, 1994, Mr. Herring's 1988 Dodge Grand Caravan and its contents were stolen from the parking lot of the Memphis Marriott, where Mr. Herring was a registered guest. On May 22, 1995, Mr. Herring filed a negligence action against the Memphis Marriott. Mr. Herring attempted to serve notice of the action on Interstate Hotels, Inc., the corporation that owns the Memphis Marriott, by serving Ralph Killebrew, an attorney in Chattanooga. After accepting this service, Mr. Killebrew returned the summons and complaint by mail and notified Mr. Herring's attorney by telephone that he was not the registered agent for service of process for the Interstate Hotels, Inc. that operates the Memphis Marriott. Mr. Herring's attorney then contacted the office of the Tennessee Secretary of State and learned that there are two corporations that operate in Tennessee under the name of Interstate Hotels, Inc. and that, while Mr. Killebrew is the registered agent for the first Interstate Hotels, Inc., the registered agent for the second Interstate Hotels, Inc. is a Knoxville company known as C.T. Corporation Systems ("C.T. Corporation"). After Mr. Herring subsequently attempted to serve C.T. Corporation, C.T. Corporation sent a letter to Mr. Herring's attorney returning the summons and complaint and stating that it was not the registered agent for service of process for Interstate Hotels, Inc. Mr. Herring's attorney subsequently contacted C.T. Corporation and was informed that he needed to specify which Interstate Hotels, Inc. he was trying to serve because C.T. Corporation was the registered agent for several Interstate Hotels, Inc., each being identified by a different number. Mr. Herring's attorney then contacted the corporate headquarters of Interstate Hotels, Inc. but the person that he spoke with in the legal department refused to tell him the identification number that corresponded to the Memphis Marriott and told Mr. Herring's attorney that he would have to do his own research. Mr. Herring again contacted the Secretary of State, who sent him a printout stating that C.T. Corporation was the registered agent for Interstate Hotels, Inc. #112. On July 31, 1995, Mr. Herring filed a motion for a default judgment and mailed a copy of the motion to C.T. Corporation. In a letter dated July 28, 1995, C.T. Corporation was informed by mail that a hearing was scheduled on the motion for a default judgment. The Memphis Marriott's attorney received actual notice of this hearing on August 6, 1995. Thereafter on August 11, 1995, the hearing on the motion for a default judgment was held, at which time the Memphis Marriott's attorney filed a motion to extend the time in which the Memphis Marriott could answer Mr. Herring's complaint. The trial judge denied the motion for an extension of time and granted Mr. Herring's motion for a default judgment. The Memphis Marriott subsequently filed a motion to set aside the default judgment, which was denied by the trial court. A hearing on a writ of inquiry was held in April of 1999. Thereafter on May 6, 1999, the trial court entered a judgment in favor of Mr. Herring and against the Memphis Marriott in the amount of $98,051.40. This appeal by the Memphis Marriott followed.

The issues raised on appeal by the Memphis Marriot, as we perceive them, are as follows:

I.      Did the trial court err in denying the Memphis Marriott's motion for an extension of time to file an answer to Mr. Herring's complaint?

II.     Did the trial court err in granting Mr. Herring's motion for a default judgment?

III.     Did the trial court err in denying the Memphis Marriott's motion to set aside the default judgment?

To the extent that these issues involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness and we may not reverse the court's factual findings unless they are contrary to the preponderance of the evidence.  ***See, e.g., Randolph v. Randolph***, 937 S.W.2d 815, 819 (Tenn. 1996); T.R.A.P. 13(d).  With respect to the court's legal conclusions, however, our review is *de novo* with no presumption of correctness.  ***See, e.g., Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.***, 986 S.W.2d 550, 554 (Tenn. 1999); T.R.A.P. 13(d).

We first address whether the trial court erred in denying the Memphis Marriott's motion for an extension of time to file an answer to Mr. Herring's complaint.  Rule 4.05 of the Tennessee Rules of Civil Procedure, which addresses the service of process on a defendant that is located outside of Tennessee, states that "[s]ervice by mail upon a corporation shall be . . . by delivering the copies [of the summons and complaint] to any other agent authorized by appointment or by law to receive service on behalf of the corporation."  T.R.C.P. 4.05(3).  Additionally, section 48-25-110 of the Tennessee Code Annotated provides in pertinent part as follows:

> (a) The registered agent of a foreign corporation authorized to transact business in this state is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the foreign corporation.

Tenn. Code Ann. § 48-25-110(a) (1995).  The registered agent for service of process for Interstate Hotels, Inc., the company that owns the Memphis Marriott, is C.T. Corporation.  On June 7, 1995, Mr. Herring sent by certified mail copies of the summons and complaint to C.T. Corporation at its office in Knoxville.  As evidenced by the signature "M. Hall" on the green card that accompanied this mailing, these copies were received by C.T. Corporation on June 12, 1995.  Under Rule 12 of the Tennessee Rules of Civil Procedure, the Memphis Marriott was required to serve an answer to Mr. Herring's complaint within thirty days of June 12, 1995.  *See* T.R.C.P. 12.01.  The Memphis Marriott failed to answer Mr. Herring's complaint within this period of time.  The Memphis Marriott argues on appeal that the trial court should have allowed it extra time to file its answer because it's attorney did not become aware of Mr. Herring's lawsuit until August 6, 1995, just five days prior to the August 11, 1995 hearing on Mr. Herring's motion for a default judgment.  We disagree.  The Memphis Marriott was put on notice of Mr. Herring's lawsuit when C.T. Corporation, its agent for service of process, received by certified mail copies of the summons and complaint.  The Memphis Marriott contends that C.T. Corporation failed to notify either the Memphis Marriott or its parent corporation, Interstate Hotels, Inc., that Mr. Herring had filed a lawsuit against the Memphis Marriott.  However, this alleged failure of C.T. Corporation was not the result of any fault on the part of Mr. Herring.  To the contrary, it appears that Mr. Herring went to great lengths to obtain the correct name and registered agent for the Memphis Marriott.  Not only did he contact by telephone C.T. Corporation, but he also spoke with someone in the legal department of Interstate Hotels, Inc.'s corporate headquarters regarding the existence of his lawsuit.  A motion for an extension of time to file an answer is the type of matter that is left largely within the sound discretion of the trial court.

Under the circumstances of the case at bar, we cannot say that the trial court abused its discretion in denying the motion for an extension of time filed by the Memphis Marriott. We therefore affirm the trial court's ruling with respect to this matter.

We next consider the Memphis Marriott's contention that the trial court erred in granting Mr. Herring's motion for a default judgment. At the time that Mr. Herring filed his motion for a default judgment, rule 55 of the Tennessee Rule of Civil Procedure provided in pertinent part as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered as follows:
>
> The party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, such party (or, if appearing by representative, the representative) shall be served with written notice of the application for judgment at least five (5) days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute.

T.R.C.P. 55.01 (1995 ed.).[2]  The Memphis Marriott was served, through C.T. Corporation, with

---

[2] Rule 55.01 was amended in 1996, 1997, and 1998 and currently provides as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered as follows:
>
> The party entitled to a judgment by default shall apply to the court. All parties against whom a default judgment is sought shall be served with a written notice of the application for judgment at least thirty days before the hearing on the application, regardless of whether the party has made an appearance in the action. No judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute.

(continued...)

notice of Mr. Herring's complaint on June 12, 1995. The Memphis Marriott was required by Rule 12 of the Tennessee Rules of Civil Procedure to answer the complaint within thirty days thereafter. *See* T.R.C.P. 12.01. At the time of the August 11, 1995 hearing on Mr. Herring's motion for a default judgment, the Memphis Marriott had not filed its answer. Because the Memphis Marriott had failed to plead or otherwise set forth a defense to Mr. Herring's complaint, the trial court was authorized by Rule 55 to enter a default judgment in favor of Mr. Herring. *See* T.R.C.P. 55.01. We therefore affirm the order of the trial court granting Mr. Herring's motion.

Finally, we must determine whether the trial court erred in denying the Memphis Marriott's motion to set aside the default judgment. Rule 55 states that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." T.R.C.P. 55.02. Rule 60.02 of the Tennessee Rules of Civil Procedure, which provides for relief from judgments or orders under certain circumstances, states in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. . . .

T.R.C.P. 60.02. The setting aside of a judgment pursuant to Rule 60.02 lies within the sound discretion of the trial court and the court's ruling on a motion requesting this relief may not be disturbed absent an abuse of discretion. *See Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Toney v. Mueller Co.*, 810 S.W.2d 145, 147 (Tenn. 1991); *Day v. Day*, 931 S.W.2d 936, 939 (Tenn. Ct. App. 1996); *Ellison v. Alley*, 902 S.W.2d 415, 418 (Tenn. Ct. App. 1995). When the moving party is seeking to set aside a default judgment, the requirements of Rule 60.02 should be construed liberally. *See Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991). If there is a reasonable doubt regarding whether the default judgment should be set aside, the court should exercise its discretion if favor of granting the motion so that the matter may be resolved on the merits. *See Tennessee State Bank v. Lay*, 609 S.W.2d 525, 527 (Tenn. Ct. App. 1980); *Keck v. Nationwide Sys., Inc.*, 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973). A party seeking relief under the first reason stated in Rule 60.02 has the burden of setting forth facts explaining why it was justified in failing to avoid the mistake, inadvertence, surprise, or neglect that forms the basis for the

---

[2](...continued)
T.R.C.P. 55.01 (1999 ed.).

relief requested. *See Travis v. City of Murfreesboro*, 686 S.W.2d 68, 69 (Tenn. 1985); *Turner v. Turner*, 776 S.W.2d 88, 92 (Tenn. Ct. App. 1988).

The Memphis Marriott argues on appeal that the trial court should have granted its motion to set aside the default judgment under the first reason set forth in Rule 60.02 because its failure to file an answer to Mr. Herring's complaint was the result of a mistake or excusable neglect. We do not think that any mistake occurred in the case at bar. Mr. Herring served the correct agent for service of process, C.T. Corporation, and there is no allegation that C.T. Corporation was mistaken with respect to the fact that it was, in fact, the registered agent for the Interstate Hotels, Inc. that owns the Memphis Marriott. We do agree, however, that neglect occurred in the case at bar. It is the position of the Memphis Marriott that, after being properly served, C.T. Corporation neglected to timely notify Interstate Hotels, Inc. that Mr. Herring had filed a lawsuit against the Memphis Marriott. Although we agree that this alleged inaction on the part of C.T. Corporation constitutes neglect, we conclude that this type of neglect cannot be characterized as excusable within the meaning of Rule 60.02. The Memphis Marriott has not demonstrated any way in which C.T. Corporation was justified in allegedly failing to avoid the neglect that occurred in the case at bar. Rather, the Memphis Marriott seeks to avoid the consequences of this neglect by noting that it was C.T. Corporation, not the Memphis Marriott, that acted in a neglectful manner. Because C.T. Corporation is an agent of the Memphis Marriott, however, we conclude that any neglect on the part of C.T. Corporation is also attributable to the Memphis Marriott. Under the circumstances discussed above, we conclude that there was not a reasonable doubt regarding whether Mr. Herring's default judgment should be set aside and that, consequently, the trial court did not abuse its discretion in denying the Memphis Marriott's motion requesting relief under Rule 60.02. Thus, the court's denial of the Memphis Marriott's motion to set aside the default judgment is affirmed.

Based on the foregoing, the ruling of the trial court is in all respects affirmed. The costs of this appeal are assessed to the appellant, Interstate Hotels, Inc. d/b/a Memphis Marriott, and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE