IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 18, 2014 Session

# NEWGATE RECOVERY, LLC v. HOLROB-HARVEY ROAD, LLC, ET AL.

**Appeal from the Chancery Court for McMinn County**
**No. 2011CV445      Jerri S. Bryant, Chancellor**

---

**No. E2013-01899-COA-R3-CV-FILED-AUGUST 14, 2014**

---

This appeal concerns a garnishment. Newgate Recovery, LLC ("Newgate") brought a garnishment action in the Chancery Court for McMinn County ("the Trial Court") against Manreet Singh ("Singh") through Singh's former employer R & R Group, Inc., d/b/a The Deerfield Inn ("Garnishee"). After Garnishee failed to respond to the garnishment, the Trial Court entered judgment against Garnishee in the amount of $1,283,066. Garnishee moved for relief from the judgment on the basis of insufficient service. The Trial Court granted Garnishee's Tenn. R. Civ. P. 60.02 motion and set aside the final judgment on the basis of excusable negligence and ineffective service of process. Newgate appeals, arguing, among other things, that Garnishee waived the issue of service of process and that Garnishee's employees had colluded to avoid a valid judgment. We find and hold that the Trial Court did not abuse its discretion in granting Garnishee's motion for relief from judgment. We, therefore, affirm the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and THOMAS R. FRIERSON, II, J., joined.

Pamela A. Fleenor and Adam U. Holland, Chattanooga, Tennessee, for the appellant, Newgate Recovery, LLC.

R & R Group, Inc., d/b/a The Deerfield Inn, pro se appellee.[1]

---

[1]Appellee R & R Group, Inc., d/b/a The Deerfield Inn filed no brief on appeal.

## OPINION

## Background

In December 2011, Newgate sued Singh, Gurraj Grewal ("Grewal"), and others for breach of two loan guaranty agreements. The amount at issue was around 1.2 million dollars. In June 2012, the Trial Court entered default judgment with respect to Singh and Grewal. In October 2012, Newgate issued a writ of garnishment for Singh on Garnishee, the hotel where Singh had worked. Garnishee took no responsive action. Newgate moved for entry of conditional judgment. Garnishee again took no responsive action. The Trial Court entered an order for conditional judgment in the amount of $1,283,066. After Garnishee continued not to respond, the Trial Court entered a final judgment of $1,283,066 against Garnishee in January 2013.

In March 2013, Newgate issued and served a garnishment on Farmer's Bank where Garnishee had an account. Farmer's Bank reported $6,630.95 belonging to Garnishee and forwarded these funds to the McMinn County Clerk and Master. In April 2013, Garnishee's counsel filed a notice of appearance in the Trial Court. Garnishee moved to stay execution of the final judgment. In May 2013, Garnishee filed a Tenn. R. Civ. P. 60.02 motion for relief from the final judgment order. An evidentiary hearing on Garnishee's motion was held.

Two witnesses testified at the hearing. Mike Ferguson ("Ferguson"), a co-owner of Garnishee, testified first. Ferguson had held his ownership interest in the hotel for around 17 years. Ferguson testified that the hotel was a very small business. One employee usually is there along with two or three part-time maids. The defendants in the garnishment action previously had been involved in the hotel but had moved on. This left Ferguson with additional responsibilities. Ferguson testified that, historically, he did not closely oversee the daily operations at the hotel. Tina Marra ("Marra"), an employee with experience in managing hotels, did most of the management work. According to Ferguson, he never had been personally served with anything in this matter. Ferguson first learned that something was amiss on January 31, 2013 when he found a garnishment for Grewal in the mail.

The hotel's practice of placing mail not addressed to the hotel in a stack was a point of contention. On cross-examination, Ferguson was asked about the policy on mail:

> Q.    I'm trying to understand why there's a stack of mail that you never got for months and all of a sudden Ms. Marra gives you mail on the 31st. What was the difference?

A.      I didn't say I never got the mail.

Q.      All right.  Well, then explain to me.

A.      I got the mail on a regular basis, but if it wasn't addressed to us just like this, I stuck it aside because - - I mean, I've got - - I've got mail here from just when I grabbed recently that's for other people besides us that I don't go through and open because, I mean, it doesn't concern.  We don't have anything to do with it, so I don't waste my time there.  The same thing there.  I'll put it in a box.

Upon learning of the Grewal garnishment, Ferguson made a phone call and sent a letter to the Clerk and Master explaining that the people listed in the papers were no longer connected to Garnishee.  In April 2013, after Garnishee's bank funds were forwarded pursuant to the garnishment served on Farmer's Bank, Garnishee began to formally respond to the garnishment litigation.

Marra testified next.  Marra, the front desk clerk, had worked for Garnishee for three years.  Marra acknowledged once having refused to accept a garnishment for Grewal because she lacked authority to accept it.  Marra stated that she later was told not to accept any more mail that was not directed to the hotel.  Otherwise, the mail went into a pile.

At the end of the hearing, the Trial Court directed the parties to file briefs on the issue of service of process.  However, the Trial Court entered its order prematurely before the parties filed briefs.  The Trial Court's order granted Garnishee's motion for relief, stating in its order: "Here, the garnishment was served by mail upon an unknown low level employee."  The Trial Court set aside the judgment against Garnishee on the basis of excusable negligence and ineffective service of process pursuant to Tenn. R. Civ. P. 60.02.  The Trial Court became aware of its previous instruction to the parties to brief the issue of service of process and held enforcement of its order in abeyance so that the parties could submit their briefs.  In July 2013 after the parties submitted briefs, the Trial Court entered its final order sustaining its earlier order.

Earlier, on June 24, 2013, Newgate had filed a notice of filing affidavit of one Deputy Wright.  Newgate filed Wright's affidavit to counter the Trial Court's description in its prematurely filed order of the garnishment as having been served by mail upon a low level employee.  The affidavit contained an assertion that the deputy hand-delivered the garnishment to a female desk clerk "in charge."  Garnishee later objected to the filing of this affidavit after the hearing.  In an October 2013 order, the Trial Court stated that it neither considered nor relied upon the Wright affidavit because it was not part of the record at the

time the hearing was held and that the affidavit would be included in the record only for identification purposes:

> After review, the court finds that after hearing argument of counsel regarding the issue of service of process at trial, the court put down an Order on May 14, 2013 addressing the issue of service of process. The parties requested additional argument which the court allowed on June 6, 2013. The court took this matter under advisement and put down its Order on July 16, 2013. It is noted the Affidavit of Deputy Wright was filed on June 24, 2013; however, said Affidavit by Deputy Wright *was not* considered a part of the record at the hearing when this matter was before the court, and therefore *was not* relied upon by this court. The court will allow the Affidavit of Deputy Wright to be included in the record for the Court of Appeals for identification purposes only, and this Order hereby reflects that the affidavit *was not* a part of the record at the time of argument of counsel on these issues.

(Emphasis in original).

Newgate appeals the setting aside of the judgment against Garnishee.[2]

## **Discussion**

We restate and consolidate the issues raised on appeal as a single issue: whether the Trial Court erred in setting aside the final judgment entered against Garnishee.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

Newgate argues that the Trial Court erred in setting aside the final judgment against Garnishee. Our standard of review as to a trial court's disposition of a Tenn. R. Civ.

---

[2]The Trial Court's July 2013 order appeared to leave unresolved Newgate's claims against defendants Holrob-Harvey Road, LLC, Gregory Mark Shipe, or Fox Express, Inc. We issued a show cause order as to why this appeal should not be dismissed as premature. Subsequently, the record was supplemented with an order from the Trial Court directing entry of final judgment as to claims between the parties on appeal. We, therefore, now proceed with this appeal.

P. 60.02 motion for relief from a judgment is set forth in *Henry v. Goins*, where our Supreme Court stated as follows:

> In reviewing a trial court's decision to grant or deny relief pursuant to Rule 60.02, we give great deference to the trial court. *See Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). Consequently, we will not set aside the trial court's ruling unless the trial court has abused its discretion. *See id*. An abuse of discretion is found only when a trial court has "'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" *State v. Stevens*, 78 S.W.3d 817, 832 (Tenn. 2002) (*quoting State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997)). The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court. *See Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

*Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003).

In pertinent part, Tenn. R. Civ. P. 60.02 provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment . . . .

Tenn. R. Civ. P. 60.02.

In *Rogers v. Estate of Russell*, this Court observed that:

To set aside a judgment under Rule 60.02, the movant has the burden to prove that he is entitled to relief, and there must be proof of the basis on which relief is sought. *Banks v. Dement Const. Co., Inc.*, 817 S.W.2d 16, 18 (Tenn. 1991); *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 623-624 (Tenn. 2000). A motion for relief from a judgment pursuant to Rule 60.02 addresses the sound discretion of the trial judge, and the scope of review on appeal is limited to whether the trial judge abused his discretion. *Banks*, 817 S.W.2d at 18. Rule 60.02 "was designed to strike a proper balance between the competing principles of finality and justice." *Id.*, *quoting Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976). Rule 60.02 "acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Id.*, *quoting Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). Because of the importance of this "principle of finality," the "escape valve" should not be easily opened. *Id.*, *quoting Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991).

*Rogers v. Estate of Russell*, 50 S.W.3d 441, 444-45 (Tenn. Ct. App. 2001). Further, as this Court noted in *Turner v. Turner*:

As a prerequisite to the extraordinary relief available under Rule 60.02(1), the movant is required to set forth in a motion or petition, or in affidavits in support thereof, facts explaining why the movant was justified in failing to avoid mistake, inadvertence, surprise or neglect. *Hopkins v. Hopkins*, 572 S.W.2d 639, 640 (Tenn. 1978).

*Turner v. Turner*, 776 S.W.2d 88, 92 (Tenn. Ct. App. 1988) (quoting *Travis v. City of Murfreesboro*, 686 S.W.2d 68, 69 (Tenn. 1985)).

Part of Newgate's argument on this issue is a contention that Garnishee, in allegedly failing to timely assert defenses or otherwise respond to the litigation, waived its right to contest sufficiency of service. This Court previously has discussed the issue of waiver and appearance:

Rule 12.02(2) of the Tennessee Rules of Civil Procedure is the defense of "lack of jurisdiction over the person." Under this rule, "objections to personal jurisdiction and venue are deemed waived unless they are raised in a timely manner." *Dixie Sav. Stores, Inc. v. Turner,* 767 S.W.2d 408, 410 (Tenn. App.1988). If a party makes a "general appearance" without challenging personal jurisdiction, venue, or other matters, these objections are deemed

waived. *See id*. In *Landers v. Jones*, 872 S.W.2d 674 (Tenn.1994), the Court stated:

> Initially, we note that there is a modern legal trend away from the technical requirement that a defendant must enter a special appearance to contest personal jurisdiction. . . . Under both the state and federal civil procedure rules, therefore, a defendant is permitted to raise the defense of lack of personal jurisdiction at the same time other defenses are raised. Waiver occurs only if there is no objection to personal jurisdiction in the first filing, either a Rule 12 motion or a answer.

872 S.W.2d at 676. Tennessee courts have defined the term "general appearance," as "acts from which it can reasonably be inferred that the party recognizes and submits itself to the jurisdiction of the court. Thus a party's consent to the entry of a judgment against it constitutes a general appearance." *Dixie Sav. Stores*, 767 S.W.2d at 410. In *Patterson v. Rockwell International,* 665 S.W.2d 96 (Tenn. 1984), the Tennessee Supreme Court discussed the finding of an appearance:

> [B]efore an appearance will be found by implication, it must be shown from the defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff other than one contesting only the jurisdiction of the court or by reason of some act or proceeding recognizing the case as being in court.

*Patterson*, 665 S.W.2d at 99-100. The *Landers* court cautioned:

> In accordance with the modern trend, and Rule 12.02 of the Tennessee Rules of Civil Procedure juvenile courts should only find a general appearance that waives a defendant's right to contest personal jurisdiction when the defendant has recognized the proper pendency of the cause by making a motion that goes to the merits or by filing an answer, without challenging personal jurisdiction. To the extent that prior judicial decisions can be read as requiring otherwise, they are overruled.

*Landers*, 872 S.W.2d at 677.

*Guardsmark, Inc. v. Borg-Warner Protective Services*, No. 2A01-9409-CH-00207, 1998 WL 959664, at **5-6 (Tenn. Ct. App. Nov. 4, 1998), *no appl. perm. appeal filed*.

First, Newgate asserts that Garnishee waived its right to contest sufficiency of process by making an appearance by implication, or, a general appearance, and failing at these points to raise the defense of insufficiency of service of process. Next, Newgate argues that the Trial Court should have considered the affidavit of Deputy Wright which purported that Wright personally served an employee of Garnishee, and that, at any rate, service of process was proper. Newgate also argues that Garnishee engaged in collusion and that no excusable neglect can be found under these circumstances.

With respect to waiver, we are not persuaded that Garnishee waived its right to contest sufficiency of service of process. Ferguson's early communications to the Clerk and Master and Garnishee's later notice of appearance are hardly tantamount to waiver. As to Wright's affidavit, the Trial Court made it explicitly clear that it neither considered nor relied upon this document because it was not before the Trial Court at the hearing on the motion. We find no error in the Trial Court's declining to consider the affidavit submitted only after the hearing on the motion.

This is very much a case where the standard of review is decisive. The applicable standard of review is that of abuse of discretion. As laid out more fully above, this standard provides a trial court with considerable latitude in the range of reasonable choices. In our view, the Trial Court, in setting aside the final judgment against Garnishee, did nothing outside the range of reasonable choices available to it. We affirm the judgment of the Trial Court.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Newgate Recovery, LLC, and its surety, if any.

_____
D. MICHAEL SWINEY, JUDGE