IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 14, 2020 Session

## ALEXIS LUTTRELL TUTOR v. JOSEPH KEITH TUTOR

**Appeal from the Circuit Court for Shelby County**
**No. CT-003884-14  Robert Samual Weiss, Judge**

_____

**No. W2019-00544-COA-R3-CV**

_____

In this post-divorce dispute, Appellant Mother and Appellee Father filed cross-petitions seeking modification of the permanent parenting plan for their minor child. Father sought a change in primary residential parent, and Mother sought modification of the parenting schedule and decision-making authority. On its finding that the parties stipulated to a material change in circumstance, the trial court granted Father's petition and denied Mother's petition. Because the trial court failed to delineate between the burden of proof for modification of custody and the burden of proof for modification of parenting schedule, Tenn. Code Ann. §§ 36-6-101(a)(2)(B), (C), we vacate the trial court's order and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which JOHN W. MCCLARTY, and ARNOLD B. GOLDIN, JJ., joined.

Darrell Drew Blanton, Memphis, Tennessee, for the appellant, Alexis Luttrell Tutor.

Mitchell D. Moskovitz, and Adam N. Cohen, Memphis, Tennessee, for the appellee, Joseph Keith Tutor.

## OPINION

## I. Background

Appellant Alexis Luttrell Tutor ("Mother") and Appellee Joseph Keith Tutor ("Father") were married on January 2, 2005. They are the parents of one minor child, Hudson, who was born in June 2007. The parties were divorced on December 17, 2014.

Concurrent with the divorce, the trial court entered a permanent parenting plan, under which Mother received 205 days of parenting time, and Father received 160 days. The plan named Mother as the primary residential parent and included a basic parenting schedule, under which Father exercised parenting time from Friday at 3:00 P.M. until the following Thursday at 8:00 A.M. every two weeks. The parenting plan also gave the parties joint decision-making responsibilities, with neither parent having final decision-making authority.

On April 16, 2018, Father filed a petition to modify the permanent parenting plan requesting to be appointed the primary residential parent. Father averred a material change in circumstance based on the following facts: (1) Mother failed to make joint decisions for Hudson; (2) Mother refused to allow Hudson to participate in school sponsored sports; (3) Mother failed to keep Hudson clean and to provide a sanitary living environment; (4) Mother was unable to ensure Hudson attended school regularly during her parenting time; (5) Mother regularly attempted to alienate Hudson from Father by restricting communication; (6) Mother made disparaging remarks about Father in front of Hudson; (7) Mother unnecessarily filed a police report that alleged custodial interference by Father; (8) Mother repeatedly failed to adhere to the "first right of refusal"; and (9) Mother failed to inform Father of Hudson's doctors' appointments.

On May 21, 2018, Mother filed an answer and counter-petition to modify the permanent parenting plan. While Father sought a change in residential parent, Mother sought only a modification of the parenting schedule. To meet her burden to show a material change in circumstance, Mother averred: (1) "Father's consistent and ongoing refusal to adhere to the terms of the parenting plan"; (2) "Father's inability to work together with Mother in making decisions regarding the child's welfare"; and (3) "the parents agree that the existing Parenting Plan is unworkable, the terms of the existing plan require[] modification."

On August 31 and September 4, 2018, the trial court heard the parties' cross-petitions. Following the hearings, on December 19, 2018, the trial court entered an order and parenting plan. The trial court granted Father's petition and named him primary residential parent; the trial court also gave Father final decision-making authority. Mother filed a Motion to Alter or Amend. Citing Tennessee Code Annotated section 36-6-101, Mother asked the trial court to specify the reason and the facts that constituted the basis for its custody determination. On February 22, 2019, the trial court heard Mother's motion. By order of March 6, 2019, the trial court affirmed its previous decision. Concerning a material change in circumstance, the trial court's order states only: "[B]oth parties alleged a substantial and material change in circumstances. Accordingly, the Court finds that a substantial and material change in circumstances exists [. . .]." Mother appeals.

## II. Issues

Mother raises two issues for review, which we restate as follows:

1. Whether the trial court erred in finding a material change in circumstance sufficient to support a change in child custody.

2. Whether the trial court erred when it declined to award Mother attorney's fees.

In the posture of Appellee, Father asks this Court to award him attorney's fees and costs
accrued in defense of this appeal.

## III. Standard of Review

In this non-jury case, we review the trial court's findings of fact *de novo* upon the record, with a presumption of correctness, unless the evidence preponderates otherwise. *See* Tenn. R. App. P. 13(d); **Kendrick v. Shoemake**, 90 S.W.3d 566, 570 (Tenn. 2002). We review the trial court's conclusions of law *de novo*, with no presumption of correctness. **Armbrister v. Armbrister**, 414 S.W.3d 685, 692 (Tenn. 2013).

A trial court's determination of whether a material change in circumstance has occurred and whether modification of a parenting plan serves a child's best interest are factual questions. *See **In re T.C.D.***, 261 S.W.3d 734, 742 (Tenn. Ct. App. 2007).

## IV. Material Change in Circumstances

Here, Father filed a petition seeking to be named primary residential parent. Mother filed a counter-petition seeking to modify the parenting schedule. Under Tennessee Code Annotated section 36-6-101(a)(2), modification of custody and parenting schedule require a material change in circumstance, to-wit:

> (B)(i) If the issue before the court is a modification of the court's prior decree pertaining to custody, the petitioner must prove by a preponderance of the evidence a material change in circumstance. A material change of circumstance does not require a showing of a substantial risk of harm to the child. A material change of circumstance may include, but is not limited to, failures to adhere to the parenting plan or an order of custody and visitation or circumstances that make the parenting plan no longer in the best interest of the child.

***

(C) If the issue before the court is a modification of the court's prior decree pertaining to a residential parenting schedule, then the petitioner must prove by a preponderance of the evidence a material change of circumstance affecting the child's best interest. A material change of circumstance does not require a showing of a substantial risk of harm to the child. A material change of circumstance for purposes of modification of a residential parenting schedule may include, but is not limited to, significant changes in the needs of the child over time, which may include changes relating to age; significant changes in the parent's living or working condition that significantly affect parenting; failure to adhere to the parenting plan; or other circumstances making a change in the residential parenting time in the best interest of the child.

Tenn. Code Ann. §§ 36-6-101(a)(2)(B), (C).[1] In interpreting the statutory requirements concerning a material change in circumstance, Tennessee courts have required a higher measure of proof when the petitioner seeks a change in custody (*i.e.*, a change in the primary residential parent) than when he or she seeks only a change in the existing parenting schedule. *See, e.g.*, **Armbrister v. Armbrister**, 414 S.W.3d 685, 702-04 (Tenn. 2013); **Massey-Holt v. Holt**, 255 S.W.3d 603, 607-08 (Tenn. Ct. App. 2007). Specifically, this Court has held that

[a]s a result of the 2004 amendment, Tennessee now has a different set of criteria for determining whether a material change of circumstance has occurred to justify a modification of a "residential parenting schedule" and the specifics of such a schedule. The amendment, specifically the addition of subsection (a)(2)(C), establishes different criteria and a lower threshold for modification of a residential parenting schedule. However, the statutory criteria pertaining to a modification of "custody" – the term used in the statute, which we equate to the designation of "primary residential parent" and matters more substantive than a change of schedule – remain unchanged.

**Scofield v. Scofield**, No. M2006-00350-COA-R3-CV, 2007 WL 624351, at *3 (Tenn. Ct. App. Feb. 28, 2007) (citations omitted). So, while a request for either modification of custody or modification of a parenting schedule requires a threshold finding that a material change in circumstance has occurred, **Armbrister v. Armbrister**, 414 S.W.3d

---

[1] In 2004, subsection (a)(2)(B) was amended, and subsection, (a)(2)(C), was added by an Act, the stated purpose of which was to amend "Title 36, Chapter 6, relative to the review of age appropriate modifications of parenting time and visitation arrangements with the children of parents in child custody orders." 2004 Tenn. Pub. Acts 759.

685, 697-98 (Tenn. 2013), the quality and quantity of proof differs depending on the change requested.  Here, Father seeks a change in custody.  Therefore, his burden of proof to show a material change in circumstance is greater than Mother's, who seeks only a modification of the parenting schedule.  However, as this Court has stated:

> There are no bright line rules for determining when a change of circumstances should be deemed material enough to warrant changing an existing custody arrangement.  ***Kendrick v. Shoemake***, 90 S.W.3d at 570; ***Taylor v. Taylor***, 849 S.W.2d [319,] 327 [(Tenn. 1993)]; ***Solima v. Solima***, 7 S.W.3d [30,] 32 [(Tenn. Ct. App. 1998)].  These decisions turn on the unique facts of each case.  As a general matter, however, the following principles illuminate the inquiry.  First, the change of circumstances must involve either the child's circumstances or a parent's circumstances that affect the child's well-being.  ***Kendrick v. Shoemake***, 90 S.W.3d at 570.  Second, the changed circumstances must have arisen after the entry of the custody order sought to be modified.  ***Turner v. Turner***, 776 S.W.2d 88, 90 (Tenn. Ct. App. 1989).  Third, the changed circumstances must not have been reasonably anticipated when the underlying decree was entered.  ***Adelsperger v. Adelsperger***, 970 S.W.2d [482,] 485 [(Tenn. Ct. App. 1997)].  Fourth, the change in circumstances must affect the child's well-being in some material way.  ***Kendrick v. Shoemake***, 90 S.W.3d at 570; ***Blair v. Badenhope***, 77 S.W.3d [137,] 150 [(Tenn. 2002)]; ***Hoalcraft v. Smithson***, 19 S.W.3d [822,] 829 [(Tenn. Ct. App. 1999)].

***McClain v. McClain***, 539 S.W.3d 170, 188 (Tenn. Ct. App. Sept. 21, 2017) (citation omitted); *see, e.g.*, ***Oliver v. Oliver***, No. M2002-02880-COA-R3-CV, 2004 WL 892536, at \*4 (Tenn. Ct. App. Apr. 26, 2004) (concluding that mother's conduct alienating the child from the father constituted a material change in circumstance for purposes of modifying custody); ***Bumpus v. Bumpus***, No. W2007-00395-COA-R3- CV, 2008 WL 763780, at \*14 (Tenn. Ct. App. Mar. 25, 2008) (determining that mother's failure to inform father of the birth of another child coupled with the child falling behind in school because of excessive tardies when in mother's care constituted a material change in circumstance for purposes of modifying custody); *cf.* ***In re Kaitlyn M.W.***, No. W2010-00301-COA-R3-CV, 2010 WL 5541054, at \*8 (Tenn. Ct. App. Dec. 28, 2010) (determining that even though "arguing and tension between Mother and Father was detrimental to their daughter" and interfered with father's parenting time, it did not amount to a material change in circumstance for purposes of modifying custody); ***Gentile v. Gentile***, No. M2014-01356-COA-R3-CV, 2015 WL 8482047, at \*6 (Tenn. Ct. App. Dec. 9, 2015) (finding there was not a material change in circumstance sufficient to modify custody because the evidence did not show that the child had been affected in a meaningful way by a change of circumstance).

On the other hand, Mother, who seeks modification of the parenting schedule, to include more parenting time and decision-making authority,[2] has a lower threshold to establish a material change in circumstance. ***Rose v. Lashlee***, No. M2005-00361-COA-R3-CV, 2006 WL 2390980, at *2 n. 3 (Tenn. Ct. App. Aug.18, 2006). For example, changes that reasonably could have been anticipated when the original parenting schedule was established (*e.g.*, changes relating to the child's age or a parent's living or working conditions), may be sufficient to support modification, Tenn. Code Ann. § 36-6-101(a)(2)(C), but ultimately, "merely showing that the existing arrangement [is] unworkable for the parties" is generally sufficient for purposes of modification of a parenting schedule. ***Rose v. Lashlee***, 2006 WL 2390980, at *2 n.3 (Tenn. Ct. App. Aug. 18, 2006).

In holding that the parties stipulated to a material change in circumstance, the trial court failed to delineate between the standard for modification of custody and modification of the parenting schedule. In the first instance, the parties did not, in fact, stipulate to anything. A "stipulation" is defined as "[a] voluntary agreement between opposing parties concerning some relevant point; an agreement relating to a proceeding, made by attorneys representing adverse parties to the proceeding," *Black's Law Dictionary* 1550 (9th ed. 2009). Here, the parties did not agree, *i.e.* stipulate to the same material change in circumstances. Rather, as set out above, each averred different changes in circumstance. In contrast to a stipulation, an "averment" is defined as "[a] positive declaration or affirmation of fact; an assertion or allegation in a pleading." *Black's Law Dictionary* 156 (9th ed. 2009). While one party's averment may serve as a stipulation for one purpose (*i.e.*, to establish a material change in circumstance under Tenn. Code Ann. § 36-6-101(a)(2)(C) for a change in the existing parenting schedule), it does not, *ipso facto*, serve as a stipulation for another party's purpose (*i.e.*, to establish a material change in circumstance for the purposes of custody). Such is the case here.

In mischaracterizing the parties' averments as stipulations, the trial court failed to enforce the parties' respective burdens of proof. Accordingly, we vacate the trial court's

---

[2] Father argues that Mother is estopped from arguing that she did not stipulate to a material change in circumstance because, in her counter-petition, she cites Tennessee Code Annotated section 36-6-101(a)(2)(B), *supra* (addressing custody), as opposed to Tennessee Code Annotated section 36-6-101(a)(2)(C) dealing with modification of the parenting schedule. Mother's citation to the incorrect statute appears to be merely typographical when viewed in light of her actual pleadings. In her petition, Mother seeks (1) to "remain Primary Residential Parent;" (2) change the parenting schedule to allow the Child to "spend[] more parenting time with the Mother; and (3) make herself the "sole decision maker, essentially the same thing as a tie breaker" in case of dispute. In addition, throughout the hearings and testimony on cross-examination, Mother maintained her position that she did not concede to a material change in circumstance sufficient to modify custody and that she only sought to modify the parenting plan. Accordingly, Father's estoppel argument is unpersuasive. *See **Kershaw v. Levy***, 583 S.W.3d 544, 549 (Tenn. Sept. 18, 2019) (citation omitted) (holding that judicial estoppel does not apply when there is an "an innocent inconsistency or apparent inconsistency that is actually reconcilable.")

order. On remand, the trial court must determine whether Mother's averments and proof satisfy her burden of proof to show a material change in circumstance sufficient to warrant a modification of the parenting plan concerning parenting time and decision-making. Likewise, the trial court must determine whether Father's averments and proof satisfy his higher burden to show a material change in circumstance sufficient to change custody. Our holding does not preclude the trial court from reopening proof on remand.

## V. Attorney's Fees at Trial

Mother argues that the trial court erred in refusing to award her attorney's fees because Father was found in contempt pursuant to Tennessee Code Annotated section 36-5-103(c). At the time of Father's petition for modification, Tennessee Code Annotated section 36-5-101(c) provided that:

> (c) The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Tenn. Code Ann. § 36-5-103(c) (2017).[3] Whether to award attorney's fees a party incurred in enforcing any decree in regard to any suit or action concerning the adjudication of the custody or the change of custody of a child of the parties lies within the discretion of the trial court. *Eldridge v. Eldridge*, 137 S.W.3d 1, 25 (Tenn. Ct. App. 2002); *Killingsworth v. Ted Russell Ford, Inc.*, 104 S.W.3d 530, 534 (Tenn. Ct. App. 2002); *Kesterson v. Varner*, 172 S.W.3d 556, 573 (Tenn. Ct. App. 2005). Accordingly, we will uphold the trial court's decision on appeal unless the trial court abused its

---

[3] Tennessee Code Annotated section 36-5-103(c) was amended July 1, 2018 to provide the following:

> (c) A prevailing party may recover reasonable attorney's fees, which may be fixed and allowed in the court's discretion, from the non-prevailing party in any criminal or civil contempt action or other proceeding to enforce, alter, change, or modify any decree of alimony, child support, or provision of a permanent parenting plan order, or in any suit or action concerning the adjudication of the custody or change of custody of any children, both upon the original divorce hearing and at any subsequent hearing.

2018 Tennessee Laws Pub. Ch. 905 (H.B. 2526). The amendment took effect on July 1, 2018, and only applies "to actions commenced on or after that date." *Id.* Mother filed her counter-petition on May 21, 2018. As such, the amended version of this statute does not apply in this case.

discretion. ***Eldridge***, 137 S.W.3d at 25; ***Killingsworth***, 104 S.W.3d at 534. An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. ***Wright ex rel. Wright v. Wright***, 337 S.W.3d 166, 176 (Tenn. 2011); ***Henderson v. SAIA, Inc.***, 318 S.W.3d 328, 335 (Tenn. 2010); ***Aaron v. Aaron***, 909 S.W.2d 408, 411 (Tenn. 1995). From our review, we conclude that the trial court did not abuse its discretion in requiring each party to be responsible for his or her own attorney's fees and expenses.

## VI. Attorney's Fees on Appeal

Both parties request attorney's fees incurred on appeal. Under Tennessee Code Annotated section 36-5-103(c), "[a] prevailing party may recover reasonable attorney's fees" in suits involving changes in child custody. Tenn. Code Ann. § 36-5-103(c). However, an award of appellate attorney's fees is a matter that is within this Court's sound discretion. *See* ***Chaffin v. Ellis***, 211 S.W.3d 264, 294 (Tenn. Ct. App. 2006). In considering a request for attorney's fees on appeal, we consider the ability of the party seeking the fee award to pay such fees, his or her success on appeal, whether the appeal was taken in good faith, and any other equitable factors relevant in a given case. ***Moran v. Wilensky***, 339 S.W.3d 651, 666 (Tenn. Ct. App. 2010) (citing ***Archer v. Archer***, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995)). Under the circumstances of this case, we exercise our discretion to respectfully deny both parties' requests for attorney's fees on appeal.

## Conclusion

For the foregoing reasons, we vacate the trial court's order and remand for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed one-half to Appellant, Alexis Luttrell Tutor, and one-half to Appellee, Joseph Keith Tutor, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE