**John TRAVIS, Appellee,**

v.

**The CITY OF MURFREESBORO, Tennessee, Appellant.**

Supreme Court of Tennessee, at Nashville.

March 4, 1985.

Patrick A. Ruth, Gracey, Maddin, Cowan & Bird, Nashville, for appellant.

Alec Garland, Manchester, for appellee.

## OPINION

FONES, Justice.

This is a worker's compensation case in which the defendant seeks post-judgment relief under T.R.C.P. 60.02(1). On March 31, 1982, an Agreed Order of Settlement was entered. Although defendant continued to contest the compensability of plaintiff's alleged occupational disease, the order provided for a lump sum award of $29,000, which represented a final settlement of all disability benefits and all past and future medical expenses incurred in connection with the treatment of plaintiff's alleged occupational illness. In addition, the settlement order provided that "the employer would continue to pay health insurance premiums on the plaintiff as long as permitted by law and until such time as the plaintiff qualifies for Medicare."

On March 29, 1983, defendant filed a motion for relief from the judgment predicated upon the grounds of mistake, inadvertence, surprise or excusable neglect, T.R.C.P. 60.02(1), and "for any other reason justifying relief." T.R.C.P. 60.02(5). The trial court, by an order dated May 18, 1983, set aside the settlement order on the grounds of mistake and impossibility of performance. The chancellor, however, on June 7, 1983, declared that the May 18 order was erroneously entered and was, therefore, null and void. On April 18, 1984, the trial court sustained the original order of settlement, and on May 17, 1984, overruled defendant's motion to reconsider, from which the City of Murfreesboro appealed to this Court pursuant to T.C.A. § 50-6-225(e).

In seeking Rule 60.02(1) relief, defendant asserts that the parties mistakenly believed that the City maintained a Blue Cross health insurance policy on plaintiff when, in actuality, no such coverage existed because the City was self-insured. Defendant contends that as a result of this "mistake," the settlement agreement is impossible to perform, and relief from the judgment is warranted under T.R.C.P. 60.02(1).

As a prerequisite to the extraordinary relief available under Rule 60.02(1), the movant is required to set forth in a motion or petition, or in affidavits in support thereof, facts explaining why the movant was justified in failing to avoid mistake, inadvertence, surprise or neglect. *Hopkins v. Hopkins*, 572 S.W.2d 639, 640 (Tenn.1978). In neither the motion for relief from the judgment nor the accompanying affidavits was an offer of proof made to show facts and circumstances that would justify the invocation of the extraordinary relief afforded by Rule 60.02(1). Defendant merely relates in general terms, without specifying when or how such "mistake" was discovered, that Blue Cross health insurance coverage which it believed existed at the time the settlement agreement was reached, was not in effect. Defendant, however, failed to explain why it, or its counsel, did not take simple precau-

tionary measures to verify the existence of the purported Blue Cross coverage by consulting with appropriate persons within the framework of its own administrative system.

A motion for relief from a judgment pursuant to T.R.C.P. 60.02 is addressed to the sound discretion of the trial judge, *Hopkins v. Hopkins, supra,* and in reviewing a trial judge's decision that such extraordinary relief was inappropriate, the scope of review is limited to whether the trial judge abused his discretion. *John Barb, Inc. v. Underwriters at Lloyd's of London,* 653 S.W.2d 422, 424 (Tenn.App. 1983). The chancellor considered the arguments of counsel on the insurance issue, taking into account the affidavits submitted in support and the entire record (which is not presently before this Court), and found that the settlement agreement was not impossible to perform, and, therefore, that Rule 60.02(1) relief was not merited under the circumstances. Because no abuse of discretion by the trial judge in overruling defendant's motion for relief from the judgment has been demonstrated, the judgment of the trial court is affirmed. Costs are assessed against the City of Murfreesboro.

COOPER, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.