# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

**FILED**

**October 22, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

WILLIAM SELLERS,        )
        )
    Plaintiff/Appellee,     )
        )
        )    Davidson Circuit Nos.
VS.        )    96C-3082 and 96C-3085
        )
        )    Appeal No.
MICHAEL ANDERSON,    )    01A01-9703-CV-00114
        )
    Defendant/Appellant.   )

## APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY
## NASHVILLE, TENNESSEE

## THE HONORABLE WALTER C. KURTZ, JUDGE

For the Plaintiff/Appellee:

Philip D. Irwin
Neal & Harwell
Nashville, Tennessee

For the Defendant/Appellant:

Robert E. Hoehn
Rabin P. Nimmo
Nimmo, Hoehn, Kirt & Partin
Nashville, Tennessee

## VACATED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This appeal involves the dismissal of a de novo appeal from general sessions court for failure to comply with a local rule requiring that these appeals be set for trial within forty-five days. After the Circuit Court for Davidson County dismissed his appeal, the appellant filed a Tenn. R. Civ. P. 60.02(1) motion seeking relief from the judgment. The trial court denied the motion, and the appellant has appealed to this court. We have determined that the appellant demonstrated grounds for relief under Tenn. R. App. P. 60.02(1) and accordingly vacate the order denying the appellant's motion for post-judgment relief.

## I.

William Sellers sued Michael Anderson in the Davidson County General Sessions Court seeking to recover for damages to his real property. Mr. Anderson, in turn, filed a similar general sessions action against Mr. Sellers. Following a hearing on August 8, 1996, the general sessions court awarded Mr. Sellers $1,069 and dismissed Mr. Anderson's warrant. Mr. Anderson filed an appeal bond in both cases on August 16, 1996. He paid the clerk's fee on August 21, 1996, and the general sessions records in both cases were filed in the Circuit Court for Davidson County on August 22, 1996.

Shortly after the cases were appealed to the circuit court, the lawyer representing Mr. Anderson telephoned the lawyer representing Mr. Sellers in an effort to reach agreement on a date for the circuit court trial. On September 23, 1996, after the telephone call proved fruitless, the lawyer representing Mr. Anderson mailed a letter
to the lawyer representing Mr. Sellers proposing six possible trial dates in March and April 1997. He also obtained other trial dates in February and March 1997 from the docket clerk and communicated these to the lawyer representing Mr. Sellers. These efforts to set the case for trial also proved fruitless, and on October 11, 1996, Mr. Anderson's lawyer filed a motion to set the case for trial. Before this motion could

be heard, the trial court entered an order on October 18, 1996 dismissing Mr. Anderson's appeals in both cases for failure to comply with Rule 19(b).

On October 31, 1996, Mr. Anderson filed a motion to set aside the October 18, 1996 order of dismissal and supported the motion with an affidavit recounting his efforts to obtain a trial date by agreement with Mr. Sellers's lawyer. The record contains no response to this motion. On December 2, 1996, the trial court filed an order denying Mr. Anderson's motion, directing that his appeals from general sessions court be dismissed, and adopting the general sessions court's judgments as its own.

## II.

This appeal is not a frontal assault on the validity of Rule 19.[1] Rather, Mr. Anderson asserts that the trial court's interpretation of Rule 19 is inconsistent with the rules and policies promoting ethical and good faith dealings between opposing counsel and that the trial court erred by refusing to grant him equitable relief from the order dismissing his case before a hearing on the merits in circuit court. While the trial court correctly interpreted Rule 19, we have determined that Mr. Anderson made out a basis for receiving relief from the dismissal of his case under Tenn. R. Civ. P. 60.02(1).

Rule 19 manifests the commitment of the trial courts in Davidson County to the principle that there should be a just, speedy, and inexpensive determination of every case. *See* Tenn. R. Civ. P. 1. While Rule 19 may not be entirely clear,[2] it is intended to assure that appeals from general sessions courts are tried with dispatch.

---

[1]A panel of this court has upheld an earlier version of Rule 19 requiring that cases appealed from general sessions court either be set for trial or that a motion to set be filed within thirty days of the appeal being filed in the circuit court. *See Bendele v. Powell,* Davidson Cir. (Tenn. Ct. App. Feb. 9, 1984), *perm. app. denied* (Tenn. June 11, 1984).

[2]Mr. Anderson has not taken issue with the clarity of Rule 19, and thus we will not consider this issue now. However, we note that it is not clear whether the forty-five day period in Rule 19(b) commences when the appeal bond is filed or when the general sessions record is actually filed in the circuit court. It is likewise unclear whether Rule 19 requires that the trial date must occur within forty-five days or whether the trial date must only be determined within forty-five days. Under the facts of this case, Mr. Anderson did not comply with Rule 19 no matter how it is interpreted.

Accordingly, the rule simultaneously advances docket control policies as well as policies favoring the prompt disposition of cases.

Mr. Anderson did not comply with Rule 19 and does not insist on this appeal that he did. He failed to obtain a trial date within forty-five days after perfecting his appeal from general sessions court. Thus, the trial court was acting within its discretion when it entered its October 18, 1996 order dismissing Mr. Anderson's case for failure to comply with Rule 19(b).

The issue of whether Mr. Anderson presented adequate grounds for relief from the trial court's October 18, 1996 order is another question whose answer does not depend on the "correctness" of the October 18, 1996 order, but rather on the application of the factors that animate Tenn. R. Civ. P. 60.02(1). The rule is intended to provide relief from a party's excusable negligence or oversight, *see Tennessee State Bank v. Lay*, 609 S.W.2d 525, 527 (Tenn. Ct. App. 1980), while at the same time to strike an appropriate balance between the competing principles of finality and justice. *See Fielder v. Lakesite Enters., Inc.*, 871 S.W.2d 157, 159 (Tenn. Ct. App. 1993).

Persons seeking relief under Tenn. R. Civ. P. 60.02(1) must explain why they were justified in failing to avoid the mistake, inadvertence, surprise, or neglect. *See Travis v. City of Murfreesboro*, 686 S.W.2d 68, 69 (Tenn. 1985); *Bivins v. Hospital Corp. of Am.*, 910 S.W.2d 441, 446 (Tenn. Ct. App. 1995). Based on the proof offered by the moving party to support its claim, the trial court may exercise its discretion to relieve the party from the effects of the judgment. *See Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 96-97 (Tenn. 1993); *Day v. Day*, 931 S.W.2d 936, 939 (Tenn. Ct. App. 1996).

The dismissal of a case for failure to comply with Rule 19 is analogous to granting a default judgment. Default judgments are not favored, and thus Tenn. R. Civ. P. 55.02 permits trial courts to set aside default judgments in accordance with Tenn. R. Civ. P. 60.02(1). *See Keck v. Nationwide Sys., Inc.*, 499 S.W.2d 266, 267

-4-

(Tenn. Ct. App. 1973). When asked to set aside a default judgment, courts should construe the rules liberally and should set the default aside whenever there is a reasonable doubt about the justness of dismissing the case before it can be heard on the merits. *See Tennessee Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866-67 (Tenn. 1985). They should focus principally on whether the default was willful, whether the nondefaulting party's ability to present their claim will be prejudiced, and whether the defaulting party has a colorable defense to the claim. *See In re Estate of Mayes*, 843 S.W.2d 418, 425-26 (Tenn. Ct. App. 1992); *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991).

The circumstances in this case favor granting Mr. Anderson relief from the October 18, 1996 order. He did not cause his lawyer to fail to comply with Rule 19. In fact, his lawyer made good faith efforts to comply with Rule 19 by requesting his adversary to agree to a mutually convenient trial date. Mr. Anderson's lawyer commenced his efforts in a timely manner and would have been able to comply with Rule 19 had it not been for his adversary's unwarranted refusal to agree to a trial date.

The record does not disclose why Mr. Sellers's lawyer declined to set the case by agreement. In his brief and during oral argument, he explained that he declined to agree to a trial date because he believed that Mr. Anderson had not appealed the case in a timely manner. Setting a case by agreement does not amount to a waiver of meritorious claims or defenses. At the same time, it saves the parties and the trial court the time and expense associated with a contested motion to set. Thus, the proper course would have been for Mr. Sellers's lawyer to agree to a trial date and then to file an appropriate motion or pleading asserting all his available claims and defenses.[3]

Mr. Sellers has presented no colorable claim that he will be prejudiced by being required to litigate this boundary line suit now as opposed to last year. Mr. Anderson's lawyer's failure to comply with Rule 19 was brought about by adversary

---

[3]In light of Rule 19's strict requirements, a failure to respond in a timely, definitive manner to opposing counsel's informal requests to set the case by agreement could be construed as an effort to manufacture an additional defense rather than to simply preserve an existing one.

counsel's unwarranted refusal to set the case by agreement.  Accordingly, we have determined that the trial court should have granted Mr. Anderson's Tenn. R. Civ. P. 60.02(1) motion for relief from the October 18, 1996 order.

## III.

We vacate the order denying Mr. Anderson relief from the October 18, 1996 order dismissing his appeal for failure to comply with Rule 19 and remand the case to the trial court with directions to restore this case to the court's active docket.  We also tax the costs of this appeal in equal proportions to Michael Anderson and his surety and to William Sellers for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
BEN H. CANTRELL, JUDGE