

FILED

01/27/2017

Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs December 2, 2016

## IN RE I.G.[1]

### Appeal from the Juvenile Court for Rutherford County
### No. 5908C    Donna Scott Davenport, Judge

_____

## No. M2015-01974-COA-R3-JV

_____

This appeal pertains to an effort to set aside a default judgment. M.V. (Mother) filed a petition seeking a restraining order against M.A.G. (Father) and modification of their permanent parenting plan. Father was served with Mother's petition. He did not file a response. Mother later filed a motion for a default judgment and mailed the same to Father. He did not respond or attend the noticed hearing. At the hearing, the trial court granted Mother's proffered permanent parenting plan and awarded her attorney's fees. The court mailed the final judgment to Father. Father then moved to set aside the judgment, claiming, in part, that he had not received Mother's motion for default. The trial court denied his request after finding that the motion for default was mailed to Father's address on file with the court and that Father had not asserted just cause as to why the final judgment should be set aside. Finding no abuse of discretion, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court
### Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which RICHARD H. DINKINS and ARNOLD B. GOLDIN, JJ., joined.

Thomas H. Bray, Murfreesboro, Tennessee, for the appellant, M.A.G.

Michelle Blaylock-Howser, Murfreesboro, Tennessee, for the appellee, M.V.

---

[1] To preserve the anonymity in cases involving a minor child, we abbreviate the name of the child and any related individuals. *In re Alysia M.S.*, No. M2011-02008-COA-R3-JV, 2013 WL 1501710, at *1, n.1 (Tenn. Ct. App., filed Apr. 11, 2013).

# OPINION

## I.

Mother and Father have one child together, I.G., who was born in March 2005. The parents first began litigation involving support and custody of the child in 2007. In April 2013, Mother filed a petition for an ex parte restraining order and modification of their parenting schedule. Mother asserted that Father, who had recently been convicted of reckless aggravated assault, had threatened her. At that time, she was preparing to relocate to Texas for her work. The parties entered a permanent parenting plan by agreed order that designated Mother as the primary residential parent and granted Father seventy-four days of parenting time. On March 16, 2015, Mother again filed a petition for an immediate ex parte restraining order and modification of the permanent parenting plan. This time she sought modification because she was preparing to return to Tennessee and because Father had incurred criminal charges for illegal drugs since the 2013 order. She also asserted Father exhibited "increasingly threatening . . . and addictive behaviors."

Mother's counsel filed an affidavit of reasonable efforts asserting that she attempted to notify Father of the petition by telephone. A temporary ex parte restraining order was entered on March 16, 2015, barring Father "from coming about or contacting" Mother or the child. The order also stated that a hearing was set for March 23, 2015. Through a private process server, Mother attempted to serve Father on March 20, 2015 at his home, 415 Shoshone Place, Murfreesboro, Tennessee. The process server made several attempts before concluding Father was evading service. He taped the notice of service to the front door of Father's residence. Father appeared at the March 23 hearing, where he proceeded without counsel. He was personally served with process at the hearing. The trial court granted Father visitation with the child so long as the child's paternal grandmother was present to supervise. A temporary order was entered April 8, 2015, and mailed to Father at 415 Shoshone Place, Murfreesboro, Tennessee 37130.

Father did not file a response to Mother's March 16, 2015 petition. On April 27, 2015, Mother filed a motion for default judgment. The motion included a certificate of service, indicating it was mailed to Father at 415 Shoshone Place, Murfreesboro, Tennessee 37130. The motion also gave notice that a hearing would occur on June 5, 2015. Father did not respond or attend the June 5 hearing. Through a final order entered June 18, 2015, the trial court found the parenting plan attached to Mother's petition to modify serves the best interests of the child. The parenting plan granted Father seventy-three days of parenting time and again designated Mother as the child's primary residential parent. The plan added the following restrictions on Father's visitation:

All visits are to be supervised by paternal grandmother and/or paternal grandfather until Father takes an alcohol and drug assessment and provides same to Mother and until Father has successfully passed two (2) consecutive random drug screens requested by Mother. Mother can request up to three (3) random 90 day hair follicle tests per year at Father's expense. Once Father has completed the alcohol and drug assessment and followed all recommendations and has passed two (2) consecutive drug screens requested by Mother, Father may have unsupervised visitation with the minor child. In the event Father demonstrates insobriety thereafter, his parenting time shall cease pending further orders of the court.

Once Father has attained unsupervised visitation: Father must maintain a residence without roommates and one that has a bed/bedroom designated for the minor child. If Father cannot provide same, then the parenting shall take place at the paternal grandmother's residence.

(Emphasis in original omitted.) In the June 18 order, the court awarded Mother $2,620 in attorney's fees and costs, in accordance with the amount requested in the affidavit of reasonable attorney's fees that she had filed June 11. The order was mailed to Father's same address – 415 Shoshone Place, Murfreesboro, Tennessee 37130.

On July 2, 2015, counsel for Father filed a notice of appearance and a motion to set aside default judgment. In his motion, Father asserted that he had not received Mother's motion for default and had no notice of the June 5 hearing. In the same motion, he verified that his address was 415 Shoshone Place, Murfreesboro, Tennessee 37130 and had not changed during the proceedings. After a subsequent hearing in which Father was represented by counsel, the court denied his motion, stating:

Father was fully aware of the court proceedings pending against him as he had attended the hearing on the Temporary Restraining Order, was advised to get counsel, and has failed to answer the Complaint in the time prescribed by law. The Motion for Default was mailed to the same address listed for [Father] in the file. There has been no change of address for . . . Father, and he received the order of default. The court

3

finds that the [Father] has failed to state a just cause as to why the Motion for Default should be set aside.

Father appeals. He asks this Court to vacate the judgment and remand to the juvenile court for a trial on the merits.

## II.

Father presents two issues for review, which we repeat verbatim from his brief:

> Whether the trial court erred in denying [Father]'s Motion to Set Aside Default Judgment.
>
> Whether the trial court erred in ruling on [Father's] Motion to Set Aside Default Judgment without hearing proof as to the merits of his claim.

(Paragraph numbering in original omitted.)

## III.

The trial court entered the permanent parenting plan on June 5, 2015 and a final order on June 18, 2015. Father filed a "Motion to Set Aside Default Judgment" on July 2, 2015. In his brief, Father argues the applicability of Tenn. R. Civ. P. 60.02. His focus on that rule is not correct. Since the motion was filed before the order became final, it should be deemed a motion to alter or amend the judgment under Tenn. R. Civ. P. 59.04. **Pryor v. Rivergate Meadows Apt. Assocs. Ltd. P'ship**, 338 S.W.3d 882, 885 (Tenn. Ct. App. 2009) (citing **Tenn. Dep't of Human Servs. v. Barbee**, 689 S.W.2d 863, 866 (Tenn. 1985)). In **Pryor**, we said the following:

> . . . Rule 59 can provide relief from a judgment due to mistake, inadvertence, surprise, or excusable neglect. **Henson**, 674 S.W.2d at 310. Whether brought under Rule 59 or Rule 60, the standard for reviewing the motion is the same because of Rule 55.02. **Estate of Vanleer v. Harakas**, No. M2001-00687-COA-R3-CV, 2002 WL 32332191, at *4 n. 5 (Tenn. Ct. App. Dec. 5, 2002)

Tenn. R. Civ. P. 55.02 provides that a default judgment may be set aside as provided in Tenn. R. Civ. P. 60.02. Rule 60.02 provides relief from final judgments as follows:

On motion and upon such terms as are just, *the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1)* mistake, inadvertence, surprise or *excusable neglect*[.]

*Id.* (emphasis added). The motion before us is reviewed under the abuse of discretion standard. **Kirk v. Kirk,** 447 S.W.3d 861, 870 (Tenn. Ct. App. 2013) (citing **Harris v. Chern,** 33 S.W.3d 741, 746 (Tenn. 2000))

Father asserts the final order should be set aside due to "excusable neglect." That ground brings into play three factors: "(1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted." **LeDoux v. Pierce**, No. M2003-00671-COA-R3-CV, 2004 WL 1877357, at *3 (Tenn. Ct. App., filed Aug. 20, 2004) (citing **Henry**, 104 S.W.3d at 481). The movant bears the burden to prove these factors. **Lavonda Kay Cable v. Lowe's of Johnson City, Inc.**, No. E2000-01075-COA-R3-CV, 2001 WL 256159, at *2 (Tenn. Ct. App., filed Mar. 15, 2001) (citing **Travis v. City of Murfreesboro**, 686 S.W.2d 68 (Tenn. 1985)). However, it is not required for a movant to assert a meritorious defense if the default was obtained in a way that violated the rules of civil procedure. **Reynolds v. Battles**, 108 S.W.3d 249, 253 (Tenn. Ct. App. 2003) (quoting **Churney v. Churney**, No. 02A01-9211-CV-00326, 1993 WL 273891 at *2 (Tenn. Ct. App., filed July 22, 1993)). "A trial court should grant . . . relief on a default judgment 'when the plaintiff has failed to comply with required procedural safeguards.'" **Jenkins v. McClannahan**, No. M2010-02061-COA-R3-CV, 2012 WL 1070128, at *2 (Tenn. Ct. App., filed Mar. 28, 2012) (quoting **Nelson v. Simpson**, 826 S.W.2d 483, 486 (Tenn. Ct. App. 1991).

Father argues that his conduct was not willful. First, he states that he intended to hire counsel and file the appropriate pleadings, but proceeded pro se "while gathering the money to retain counsel." He says that without formal legal training, he did not know to file a responsive pleading within thirty days of being served. This argument is without merit. It is well established that "[p]ro se litigants are not excused from complying with the same substantive and procedural requirements that other represented parties must adhere to." **Whitaker v. Whirlpool Corp.**, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000) (internal citations and italics omitted); *see also* **Edmundson v. Pratt**, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996). Further, he was given an alias summons at the March 23,

2015 hearing that expressly stated he had thirty days to file a defense or "judgment by default can be rendered against you for the relief sought in the complaint."

Second, Father maintains that, "through no fault of his own," he never received the motion for default judgment and had no knowledge of the June 5, 2015 hearing. At the hearing on his motion to set aside, Father's counsel stated there was "no reason" Father had not received the motion. Now, for the first time on appeal, Father asserts that the motion for default was sent to the wrong address, or rather, the wrong zip code. Throughout the recent litigation, Mother and the court mailed items to Father at 415 Shoshone Place, Murfreesboro, Tennessee 37130, as indicated by the corresponding certificates of service. *See* ***McBride v. Webb***, No. M2006-01631-COA-R3-CV, 2007 WL 2790681, at \*3 (Tenn. Ct. App., filed Sept. 25, 2007) ("A certificate of service is prima facie evidence that a motion was served in the manner described in the certificate, and raises a rebuttable presumption that it was received by the person to whom it was sent"). Father asserts that his zip code is actually 37128. His counsel admits that he "only became aware of the error when reviewing the record in preparation for the appeal." He further admits that he "was not aware of the address issue at the time of the hearing and failed to raise that issue with the trial court." On appeal, Father "offers this discrepancy in zip codes as possible explanation" for why he never received the motion for default.

We are not persuaded. Under Tenn. R. Civ. P. 55.01,[2] "a default judgment is improper where the defendant was not given notice of the motion for default and the proposed date of the hearing on [the] same." ***Pirkle v. Parker***, No. E2002-01751-COA-R3-CV, 2003 WL 104622, at \*2 (Tenn. Ct. App., filed Jan. 13, 2003) (citations omitted).

[2] Tenn. R. Civ. P. 55.01 states, in part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered as follows:
>
> The party entitled to a judgment by default shall apply to the court. Except for cases where service was properly made by publication, all parties against whom a default judgment is sought shall be served with a written notice of the application at least five days before the hearing on the application, regardless of whether the party has made an appearance in the action. . . .

Further, service on a party "shall be made by delivering to him or her a copy of the document to be served, or by mailing it to such person's last known address . . . . Delivery of a copy within this rule means: handing it to the attorney or to the party; or . . . leaving it at the person's dwelling house[.]" Tenn. R. Civ. P. 5.02(1).

However, Father received other materials mailed to him at his address ending in zip code 37130. For example, his counsel specifically told the trial court that Father "received" the final order – sent via Father's address ending in zip code 37130 – "in the mail."

Further, while a movant may use new evidence as the basis for a motion to set aside a default judgment, "under either Rule 59 or Rule 60.02, [the movant] must show that 'the new evidence was not known to the moving party prior to or during trial and that it could not have been known to him through exercise of reasonable diligence.' " *Pryor*, 338 S.W.3d at 887 (quoting *Seay v. City of Knoxville*, 654 S.W.2d 397, 399 (Tenn. Ct. App. 1983)). The zip code error would have been easily discoverable. The record on appeal dates back to 2007. Father states that it "contains numerous instances" of mail being sent from Mother and the trial court to Father's address ending in zip code 37130. Notably, Father was handed an alias summons on March 23, 2015 that listed his address as ending in zip code 37130. He could have identified and corrected the error, but did not. A pro se litigant has a duty to keep his or her address current with the court. *See Reynolds*, 108 S.W.3d at 251 (holding, in part, that a pro se litigant who relocates during the course of litigation is "encumbered with the responsibility of notifying the clerk of the court with his new address"); *see also Jenkins*, 2012 WL 1070128, at *2 (holding, in part, "Father had an affirmative duty . . . to notify Mother and the court of the change of his address"). The trial court found Mother mailed the motion for default judgment "to the same address listed for [Father] in the file." Challenging that finding, Father states that two documents from their earlier litigation – a summons filed by Mother in 2012 and an order of recusal filed by a magistrate in 2013 – were sent to him at his address ending in zip code 37128. However, Father himself told the court he lived at zip code 37130 in his motion to set aside the default judgment, stating "[t]he Movant has lived at 415 Shoshone Place, Murfreesboro, Tennessee 37130 throughout these proceedings and has not changed his address." If a litigant uses an address as his address of record and has received mail at that address, he is estopped from denying that it is the appropriate address for notice purposes. *Reynolds*, 108 S.W.3d at 252. Throughout the current litigation, Mother and the court listed Father's address as ending in zip code 37130. Father had knowledge of that. He had a duty to notify the court of his correct address.

Finally, the zip code error was not part of Father's motion to set aside the default judgment at trial. As described above, Father's motion to set aside confirmed his address as ending in zip code 37130. At the subsequent hearing, Father's counsel stated, "There's no reason for [Father] not to receive [the motion for default judgment] . . . but he didn't." He also stated at the same hearing that the certificate of service indicated the motion for default was sent to Father's correct address. Father did not raise the zip code issue before the trial court. Instead, he asserted the opposite. "[I]ssues raised for the first time on appeal are waived." *Dye v. Witco Corp.*, 216 S.W.3d 317, 321 (Tenn. 2007).

7

The trial court found Father failed to file a timely response to Mother's petition, despite being "fully aware" of the court proceedings. "When a defendant fails to answer a complaint, the plaintiff may obtain a default judgment without a hearing on the merits." *Henry*, 104 S.W.3d at 481. Father offered the trial court no explanation for his failure to receive or respond to the motion for default. "'[C]onduct that is flagrant and unexplained' are characteristics of willful conduct." *In re Justin A.H.*, No. M2013-00292-COA-R3-CV, 2014 WL 3058439, at *14 (Tenn. Ct. App., filed June 7, 2014), *appeal denied* (Nov. 19, 2014) (citing *Discover Bank v. Morgan*, 363 S.W.3d 479, 493 (Tenn. 2012)). Further, a defendant acts willfully if he reads the summons and does .nothing to respond to the complaint as directed by the summons. *McBride*, 2007 WL 2790681, at *3. For these reasons, we find Father's failure to respond was willful. Willfulness is a "threshold inquiry" to determine whether relief from a judgment is proper for "excusable neglect." *Discover Bank*, 363 S.W.3d at 493. "If the court finds that the defaulting party has acted willfully, the judgment cannot be set aside on 'excusable neglect' grounds, and the court need not consider the other factors." *Id.* at 494. We hold that Father failed to establish grounds for relief under Tenn. R. Civ. P. 59.04. The trial court did not abuse its discretion in declining Father's motion.

## IV.

Father also asks us to consider "[w]hether the trial court erred in ruling on [his] [m]otion to [s]et [a]side [d]efault [j]udgment without hearing proof as to the merits of his claim." The trial court heard Father's motion August 24, 2015. Father asserts that the trial court judge "ruled on the motion immediately following argument of counsel" but that "it was anticipated that [Father] would testify[.]" Father cites no law that would support his position that the trial court erred in ruling on his motion after argument. Additionally, Father has failed to establish that the trial court was made aware of his intention to testify or that he raised this issue before the trial court. In his brief, he does not cite to any such instance in the record. We find this issue also has been raised for the first time on appeal and, therefore, is waived. *Dye*, 216 S.W.3d at 321.

## V.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, M.A.G. The case is remanded for the collection of costs and enforcement of the permanent parenting plan entered June 5, 2015 and final order entered June 18, 2015.

_____
CHARLES D. SUSANO, JR., JUDGE