IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 16, 2025 Session

**DERRY M. THOMPSON ET AL. v. TIMOTHY A. GRAHAM ET AL.**

**Appeal from the Chancery Court for Knox County**
No. 186057-2     Deborah C. Stevens, Judge
_____

**No. E2024-00568-COA-R3-CV**
_____

This appeal stems from a trial court's order enforcing a settlement agreement regarding a long-running business divorce. However, because the appellants' notice of appeal is untimely, this Court lacks subject matter jurisdiction, and the appeal must be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Christopher T. Cain, Knoxville, Tennessee, for the appellants, Timothy A. Graham and Graham Corporation.

Thomas M. Hale and Nathaniel D. Moore, Knoxville, Tennessee, for the appellees, Derry M. Thompson and South Grove, G.P.

**OPINION**

**BACKGROUND**

Derry Thompson and Timothy Graham were longtime business partners who formed general partnerships used to acquire real estate and construct shopping centers. Mr. Thompson filed the instant lawsuit on September 10, 2013, in the Chancery Court for Knox County (the "trial court"). Mr. Graham countersued. Over the years as this case was pending, various disputes between the parties arose, and numerous amended complaints and countercomplaints were filed. Ultimately, however, this appeal arises out of the trial court's enforcement of a settlement agreement purportedly reached by the parties in 2021.

As relevant to this appeal, one of the parties' disputes involved one of their partnerships, South Grove, G.P. ("South Grove"). The partners of South Grove were Mr. Graham, Graham Corporation, and Mr. Thompson. Mr. Thompson was the majority partner in South Grove and appointed himself as its managing partner. In 2018 and 2019, Mr. Thompson began liquidating and dissolving South Grove. Mr. Thompson found a buyer, but the buyer conditioned its purchase upon South Grove executing a Restriction, Easement and Right of First Refusal Agreement ("ROFR"), which restricted the future uses of an adjacent 12.53-acre tract of land that was being retained by South Grove. The sale closed in July of 2018. Approximately a year later, in July of 2019, Mr. Thompson made various dissolution distributions from South Grove and distributed the encumbered property to Mr. Graham. Mr. Graham viewed this as an unlawful distribution and immediately began filing motions in the parties' ongoing litigation seeking to undo the distribution.

By agreement of the parties, all pending issues were set for a jury trial by special setting beginning October 25, 2021, with the trial expected to last more than a week. However, on September 7, 2021, counsel for both parties had a conference call with the trial court's judicial assistant, wherein they advised the court that the case was resolved and could be removed from the trial calendar. Also on September 7, Mr. Graham's counsel sent Mr. Thompson's counsel an email with a document attached titled "Terms of Settlement Agreement and Joint Mutual Releases." The email said: "Attached is the document that I intend to have Tim [Graham] sign. Please review and let me know if everything is in order with it before I send it to him to sign . . ." In response, Mr. Thompson and his counsel signed the attached document, and Mr. Thompson's counsel emailed it back to Mr. Graham's counsel. The next morning, Mr. Graham's counsel responded: "Got it. Sent to Tim [Graham] for his signature."

Mr. Graham did not sign the agreement; instead, his counsel next emailed Mr. Thompson's counsel on September 14 to let him know that Mr. Graham wanted revisions to the settlement agreement. Part of the agreement was that the parties would retain their respective dissolution distributions made by South Grove in 2019. Mr. Graham wanted to revise the agreement to make his acceptance of the encumbered property contingent upon his "obtaining an acceptable estoppel, clarification and modification, if needed," from the buyer related to the ROFR.

On October 20, 2021, Mr. Thompson and South Grove (hereinafter, "Appellees") filed a Motion to Enforce Settlement Agreement and Request for an Expedited Hearing, and the trial court set the matter for an evidentiary hearing on March 2, 2022. On March 18, 2024, the trial court entered a lengthy order granting the motion to enforce the settlement agreement. Mr. Graham and Graham Corporation (hereinafter, "Appellants") filed a notice of appeal to this Court on April 18, 2024, thirty-one days after entry of the trial court's order enforcing the settlement agreement. On March 22, 2024, the trial court

entered another order that simply states: "An Order Granting Motion to Enforce Settlement was entered by this Court on March 18, 2024. The order did not address the cost[s] of this action. **IT IS THEREFORE ORDERED** that cost[s] are taxed to the Defendant/Counter Plaintiff and his surety for which execution may issue."

On June 28, 2024, this Court entered an order for Appellants to show cause as to why their notice of appeal was not untimely given that it was filed thirty-one days after the trial court entered its order enforcing the settlement agreement. We ultimately deferred the question of subject matter jurisdiction to the panel, and the parties proceeded to oral argument on April 16, 2025.

## ISSUES

Appellants raise the following issues which we restate slightly:

I.      Does the Court have jurisdiction to consider this appeal?

II.     Did the trial court err by finding the existence of an enforceable settlement agreement?

III.    Did the trial court abuse its discretion by taxing costs to the Appellants?

For their part, Appellees contend that this Court lacks subject matter jurisdiction and request attorney's fees pursuant to Tennessee Code Annotated § 27-1-122.

## DISCUSSION

Although this appeal stems from the trial court's order enforcing the 2021 settlement agreement between the parties, we must first determine whether Appellants timely appealed to this Court. If the trial court's March 18, 2024 order is a final order for purposes of appeal, Appellants' notice of appeal was untimely and this Court lacks jurisdiction to consider the merits of this case.[1] On the other hand, if the trial court's order is interlocutory, then the appeal is timely. Having reviewed the record and relevant authorities, we conclude that the March 18, 2024 order is a final order. Because Appellants filed their notice of appeal to this Court more than thirty days after the trial court entered that order, we lack subject matter jurisdiction over this appeal, and it must be dismissed.

"Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy[,]" *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639

---

[1] It is undisputed that Appellants' notice of appeal was filed thirty-one days after the trial court entered its March 18, 2024 order.

(Tenn. 1996) (citing *Landers v. Jones*, 872 S.W.2d 674 (Tenn. 1994)), and "relates to the nature of the cause of action and the relief sought and is conferred by the sovereign authority which organizes the court." *Landers*, 872 S.W.2d at 675 (citing *Brown v. Brown*, 296 S.W. 356 (Tenn. 1927)). This Court must possess subject matter jurisdiction in order to adjudicate a claim, and subject matter jurisdiction cannot be waived. *Id.* As orders and judgments entered by courts lacking subject matter jurisdiction are void, "issues regarding a court's subject matter jurisdiction should be considered as a threshold inquiry" and "resolved at the earliest possible opportunity." *In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012) (citing *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012); *Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955)).

To evaluate subject matter jurisdiction, we examine the "'avenue' by which [the] appeal is being pursued before this Court." *E Sols. for Bldgs., LLC v. Knestrick Contractor, Inc.*, No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *3 (Tenn. Ct. App. Apr. 17, 2018) (quoting *Town of Collierville v. Norfolk S. Ry. Co.*, 1 S.W.3d 68, 69–70 (Tenn. Ct. App. 1998)). "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (quoting *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85 (Tenn. 1973)); *see also* Tenn. R. App. P. 3(a). Once a trial court enters a final order, a party has thirty days from the date of entry to file a notice of appeal. Tenn. R. App. P. 4(a). If the notice of appeal is untimely, the appellate court lacks subject matter jurisdiction over the appeal. *Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009) (citing *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003)); *see also Brooks v. Woody*, 577 S.W.3d 529, 532 (Tenn. Ct. App. 2018) ("The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." (quoting *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004))).

Often, the first question we must address when dealing with subject matter jurisdiction is whether the order appealed from is final or interlocutory. Whether an order is final is a question of law we review de novo with no presumption of correctness. *Ball*, 288 S.W.3d at 836 (citing *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004)). A final judgment adjudicates all "claims, rights, and liabilities of all the parties" and "resolves all the issues [leaving] 'nothing else for the trial court to do.'" *E Sols.*, 2018 WL 1831116, at *2 (citing *Discover Bank v. Morgan*, 363 S.W.3d 479, 488 n.17 (Tenn. 2012); *In re Est. of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)).

We have previously concluded that an order enforcing a settlement agreement is a final order for purposes of appeal. In *Allen v. American Yeast, Inc.*, the plaintiff sought to rescind a post-mediation settlement agreement that was signed by her attorney-in-fact. No. W2017-00874-COA-R3-CV, 2018 WL 4846364, at *2 (Tenn. Ct. App. Oct. 4, 2018). The defendant filed a motion "seeking a court order enforcing the agreement and/or dismissing the case with prejudice due to [the plaintiff's] failure to comply with the terms of the

settlement." *Id*. The trial court granted the defendant's motion and we affirmed that ruling, noting that the trial court's ruling left no claims for it to resolve. *Id.* at \*4. Because the plaintiff filed her notice of appeal to this Court more than thirty days after the trial court entered its order on the defendant's motion, "[the plaintiff] lost the ability to challenge the validity of the post-mediation agreement after the 30-day time period to appeal expired." *Id*.

The same is true here. Appellees' motion to enforce asked the trial court to "command[] Mr. Graham to satisfy his obligations under the terms of the settlement agreement as set forth in the document signed by Mr. Thompson on September 7, 2021[,]" which states that the complaint and counter-complaint in this matter will be dismissed with prejudice. The trial court granted Appellees' motion in full; consequently, there are no remaining claims, rights, or liabilities of the parties that the trial court can adjudicate. Appellants argue that "[b]y ordering enforcement of the proposed settlement, the March 18, 2024 Order triggered the parties' obligations under ¶ 5 of the putative 'Terms of Settlement and Joint Mutual Releases,' which required a closing and other tasks." While this may be true, "closing and other tasks" are not claims of the parties that the *trial court* must adjudicate; while the settlement agreement may require the parties to finish certain administrative tasks, in the same way that many judgments do, this is not the same as an outstanding claim that the trial court must adjudicate. This was also true in *Allen*; in that case, the trial court entered an order regarding interpleader of settlement funds after the order enforcing the settlement agreement. 2018 WL 4846364, at \*4–5. Our opinion in that case gives no indication that this posture relieved the plaintiff's obligation to file a notice of appeal within thirty days following the order enforcing settlement.[2]

Stated differently, the fact that the parties have outstanding tasks they must complete to comply with the trial court's order does not mean, under these circumstances, that the trial court has something left to rule on for purposes of finality. Indeed, there is nothing more for the trial court to do here.

Appellants also argue that the March 18, 2024 order is nonfinal because the trial court later entered an order as to court costs. Nonetheless, as Appellees point out in their appellate brief, the taxing of court costs is not a claim, right, or liability affecting an order's finality:

> In *Hitachi Capital America Corp v. Community Trust & Banking Company*, No. E2015-02121-COA-R3-CV, 2016 WL 5210860 (Tenn. Ct. App. Sept. 20, 2016), *Rule 11 appl. perm. appeal denied Jan. 19, 2017*, this Court

---

[2] By way of another example, a final judgment of divorce may require parties to sell certain jointly held real estate or other assets. So long as the final judgment of divorce is otherwise final, it would be appealable, and the parties would not have to wait for the asset sale to close in order to appeal the judgment of divorce to this Court.

discussed whether taxation of costs factors into whether a judgment is final. We stated:

> The Tennessee Supreme Court has held that "when consecutive 'final' judgments are entered, a subsequent entry of judgment operates as the final judgment only if the subsequent judgment affects the parties' substantive rights or obligations settled by the first judgment." *Ball v. McDowell*, 288 S.W.3d 833, 838 (Tenn. 2009).

> Here, we find nothing in the record to suggest that the September 2010 Order failed to fully adjudicate all of the case's claims or to define the parties' rights with regard to the issue....

> * * *

> In contrast, the amended order adjudging costs entered in August 2011 did not alter or address any of the substantive claims or rights of the parties [but] simply taxes costs against the defendants. The amended order did not affect the parties' substantive rights or obligations set forth in the preceding Order. *See Ball*, 288 S.W.3d at 837.

> As further importantly noted in *Utopia Place*[*, LLC v. Eastern Properties, Inc.-Bellevue*], "[c]ourt costs do not factor into the determination of whether an order or judgment is final." 2016 WL 4005927 at *5 [(Tenn. Ct. App. July 20, 2016)]. "A decree will be treated as final, and an appeal entertained only where there is nothing left for future determination except the adjudication of the costs." *Mengle Box Co. v. Lauderdale Cnty.*, [144 Tenn. 266] 230 S.W. 963, 966 (Tenn. 1921). In *Mengle*, the Court stated,

>> In settling the question as to whether a given decree is final, the decision as to costs does not enter as an element; it is the decision as to the merits that determines. If the entire merits are disposed of, the decree is final; otherwise not.

> 230 S.W. at 965 (internal quotation omitted). *See also Sullivan v. Parham*, No. 86-272-II, 1987 WL 18716, at *2 (Tenn. Ct. App. Oct. 23, 1987) ("A final judgment must leave nothing for future adjudication except, perhaps, the taxation of court costs.") (J. Koch); *Cockrell v. Cockrell*, [19 Tenn. App. 71] 83 S.W.2d 281, 283 (Tenn. Ct. App. 1935) ("the taxation of costs of a cause ... is an incident to the merits of

- 6 -

> the case, and not such a controlling element of the cause as to determine the question of finality of the decree.").

*Hitachi Capital America Corp*, 2016 WL 5210860 at *3-4.

> In the present case, the March 9, 2017 order adjudicated completely Brooks' claims against Defendants. All that remained for the Trial Court to do was assess costs, a matter incident to the merits of Brooks' case "and not such a controlling element of the cause as to determine the question of finality of the decree." *Id.* Therefore, the March 9, 2017 order was a final, appealable judgment. Brooks filed her motion to alter or amend on September 29, 2017 and her notice of appeal on January 10, 2018, both long after thirty days had elapsed following entry of the March 9, 2017 final judgment.

*Brooks*, 577 S.W.3d at 533–34 (footnote omitted). Consequently, this argument by Appellants is without merit.

Next, Appellants argue that in the event we determine their notice of appeal is untimely, we should remand this case to the trial court for proceedings pursuant to Tennessee Rule of Civil Procedure 60.02. Appellants argue that while "a trial court has no jurisdiction to consider a Rule 60.02 motion during the pendency of an appeal. . . . if a party wishes to seek relief from judgment during an appeal, he [may] apply to the appellate court for an order of remand[,]" and "[l]eave should be freely granted by the appellate court if the motion is not frivolous on its face."

Appellants rely on our Supreme Court's opinion in *Spence v. Allstate Ins. Co.* In that case, which stemmed from an insurance dispute following a house fire, the insured plaintiffs filed a Rule 60.02 motion in the trial court while their application for permission to appeal was pending before our Supreme Court. 883 S.W.2d 586, 590 (Tenn. 1994). The plaintiffs alleged that during the appeal process, newly discovered evidence came to light that would have altered the outcome of the trial proceedings. *Id.* The trial court denied the motion, and the plaintiffs appealed that ruling to the Court of Appeals. *Id.* Accordingly, "the same case was pending in the Court of Appeals and the Supreme Court at the same time." *Id.* The Supreme Court "transferred and consolidated the Rule 60 appeal with the Rule 11 applications[,]" such that all issues were before the High Court "for resolution." *Id.*

The Court first determined that the same case cannot be pending in two appellate courts at the same time:

> [W]e decline to adopt a rule that would allow a case to be pending in more than one court at a time. We believe that the potential for administrative

oversight would be substantially reduced, and the scarce resources of this Court more efficiently allocated, by the adoption of a rule requiring cases to be kept "together" during the appellate process. The merits of such a rule are patently clear in this situation. . . . [I]t was necessary to consolidate the appeals and reschedule the oral argument, because if the Court of Appeals had reversed the holding of the trial court on the Rule 60 motions, the issues presented in the Rule 11 applications (and discussed in Parts I and II of this opinion) would have been mooted.

*Id.* at 596. The Court then explained that a trial court lacks jurisdiction to rule on a Rule 60.02 motion while an appeal is pending; however, "[i]f a party wishes to seek relief from the judgment during the pendency of an appeal, he should apply to the appellate court for an order of remand." *Id.* So long as the request for remand is not "frivolous on its face[,]" "leave should be freely granted by the appellate court[.]" *Id.* Since *Spence*, our Supreme Court has clarified that "[w]hile Rule 60 affords a procedural remedy to the plaintiff in [a] pending case, he would first have to file a motion in the appellate court, asking that the case be remanded to the trial court for the filing and adjudication of a Rule 60 motion." *Peck v. Tanner*, 181 S.W.3d 262, 267 (Tenn. 2005).

Here, Appellant has filed no such motion. Further, it is inappropriate to use Rule 60.02 in the manner requested by Appellants other than in very narrow circumstances. In *First National Bank of Polk County v. Goss*, counsel for the plaintiff-appellant mailed the notice of appeal within two days of the thirty-day deadline. 912 S.W.2d 147, 149 (Tenn. Ct. App. 1995). However, it was "undisputed that the notice of appeal was not timely received by the trial court clerk." *Id.* at 148. The appellant dismissed the appeal in this Court and filed a Rule 60.02 motion in the trial court, citing excusable neglect. *Id.* at 149. The trial court agreed; it set its order aside and then re-entered it, noting that "[o]ne day should have been sufficient for delivery which took three days in this instance. Plaintiff's lawyer was not derelict in his efforts. It is unequivocally ruled by this court that the appeal was timely filed." *Id.* The plaintiff then re-appealed to this Court.

We concluded that the trial court erred and that this Court lacked jurisdiction. *Id.* at 151. First, we acknowledged that "trial courts can, in certain extraordinary circumstances, grant relief in accordance with the requirements of Rule 60.02, T.R.C.P., to parties who failed to file their notice of appeal within the period of time provided for in the Tennessee Rules of Appellate Procedure." *Id.* at 149 (citing *Moody v. Moody*, 681 S.W.2d 545 (Tenn. 1984)). However, "this relief is generally granted in only the most extraordinary circumstances." *Id.* at 149–50 (citing *Travis v. City of Murfreesboro*, 686 S.W.2d 68 (Tenn. 1985)). Because "the mailing of a notice of appeal to the office of the clerk and master within two days of the deadline for so doing is not excusable neglect as that term is used in Rule 60[,]" *id.* at 151, the trial court erred in setting aside

- 8 -

its final order. Thus, the appeal was untimely, and this Court lacked subject matter jurisdiction. We dismissed the appeal. *Id.*

Consequently, Appellants correctly assert that relief pursuant to Tennessee Rule of Civil Procedure 60 may be granted to a party who files an untimely notice of appeal. *See Spence*, 883 S.W.2d 586; *First Nat'l Bank*, 912 S.W.2d at 148. Nonetheless, such relief is reserved for the most extraordinary circumstances. "One example of an extraordinary circumstance warranting relief occurred when a trial court clerk failed to timely mail copies of the signed and filed order to the parties." *In re Jayden B.-H.*, No. E2013-00873-COA-R3-PT, 2013 WL 4505389, at *1 (Tenn. Ct. App. Aug. 21, 2013) (citing *Muesing v. Ferdowski*, No. 01-A019005-CV-00156, 1991 WL 20403 at *2 (Tenn. Ct. App. Feb. 21, 1991)). "By contrast, ignorance or mistaken understanding of court rules, a lawyer's busy schedule, *and delays caused by mailing* have been ruled insufficient for the purposes of granting Rule 60 relief." *Id.* (citing *First Nat'l Bank*, 912 S.W.2d at 149) (emphasis added).

Based on the foregoing, we decline to remand this case for Rule 60.02 proceedings. Like the appellant in *First National Bank*, Appellants attribute their late notice of appeal to delays caused by the mail. This is not the type of extraordinary circumstance warranting Rule 60.02 proceedings. Thus, having determined that Appellants' notice of appeal was untimely, we also conclude that this Court lacks subject matter jurisdiction over this appeal and that it must be dismissed. *See In re Jayden B.-H.*, 2013 WL 4505389, at *2.

As a final issue, Appellees request their attorney's fees incurred on appeal pursuant to Tennessee Code Annotated § 27-1-122, which provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122.[3] "A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding." *Young v. Barrow*, 130 S.W.3d 59, 67 (Tenn. Ct. App. 2003) (citing *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977)). On one hand, § 27-1-122 "must be interpreted and applied strictly so as not to discourage legitimate

---

[3] Our Supreme Court has held that even when a case is dismissed for want of subject matter jurisdiction, the reviewing court retains the authority to award attorney's fees. *See New v. Dumitrache*, 604 S.W.3d 1, 20 (Tenn. 2020).

appeals . . . ." *Davis*, 546 S.W.2d at 586. On the other hand, "[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals." *Id.* Given the competing considerations, whether to award damages under § 27-1-122 rests soundly within the reviewing court's discretion. *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009) (citing *Whalum v. Marshall*, 224 S.W.3d 169, 180–81 (Tenn. Ct. App. 2006)).

Although Appellants are not successful in their appeal, we cannot conclude that it rises to the level of being frivolous. We decline to award Appellees their appellate attorney's fees.

### CONCLUSION

The judgment of the trial court enforcing the settlement agreement is affirmed, and this appeal is dismissed. Costs on appeal are taxed to appellants, Timothy A. Graham and Graham Corporation. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and collection of costs assessed below.

_____
KRISTI M. DAVIS, JUDGE